Mark M. Bettilyon (4798)
Samuel C. Straight (7638)
Mica McKinney (12163)
RAY, QUINNEY & NEBEKER
36 South State Street, Suite 1400
P.O. Box 45385
Salt Lake City, Utah  84145-0385
   Telephone:  (801) 532-1500

*Attorneys for Plaintiff CAO Group, Inc.*

IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| CAO GROUP, INC., a Utah corporation,<br><br>      Plaintiff,<br><br>-vs-<br><br>GE LIGHTING, INC., a Delaware corporation; OSRAM SYLVANIA, a Delaware corporation; LIGHTING SCIENCE GROUP CORPORATION, a Florida corporation; NEXXUS LIGHTING, INC., a Delaware corporation; SHARP ELECTRONICS CORPORATION, a New Jersey corporation; TOSHIBA INTERNATIONAL CORPORATION, a California corporation; FEIT ELECTRIC COMPANY, INC., a California corporation; and LIGHTS OF AMERICA, INC., a California corporation.<br><br>      Defendants. | COMPLAINT FOR PATENT INFRINGEMENT<br><br><br>Civil No. _____<br><br>Judge: _____ |

Plaintiff CAO Group, Inc. ("CAO") complains of Defendants GE Lighting, Inc., Osram

Sylvania, Lighting Science Group Corporation, Nexxus Lighting, Inc., Sharp Electronics

Corporation, Toshiba International Corporation, Feit Electric Company, Inc., and Lights of America, Inc. and alleges as follows:

PARTIES, JURISDICTION, AND VENUE

1. Plaintiff CAO Group is a Utah corporation, with its principal place of business at 4628 West Skyhawk Drive, West Jordan, Utah 84083.

2. On information and belief, Defendant GE Lighting, Inc. is a Delaware corporation with its principal place of business at Nela Park, 1975 Noble Road, Cleveland, Ohio 44112.

3. On information and belief, Defendant Osram Sylvania is a Delaware corporation with its principal place of business at 100 Endicott Street, Danvers, Massachusetts 09123.

4. On information and belief, Lighting Science Group Corporation is a Delaware corporation with its principal place of business at 1227 South Patrick Drive, Building 2A, Satellite Beach, Florida 32937.

5. On information and belief, Nexxus Lighting, Inc. is a Delaware corporation with its principal place of business at 124 Floyd Smith Drive, Suite 300, Charlotte, North Carolina 28262.

6. On information and belief, Sharp Electronics Corporation is a New York corporation with its principal places of business at Sharp Plaza, Mahwah, New Jersey 07945.

7. On information and belief, Toshiba International Corporation is a California corporation with its principal place of business at 13131 West Little York Road, Houston, Texas 77041.

8. On information and belief, Feit Electric Company, Inc. is a California corporation with its principal place of business at 4901 Gregg Road, Pica Rivera, California 90660.

9. On information and belief, Lights of America, Inc. is a California corporation with its principal place of business at 611 Reyes Drive, Walnut, California 91789.

10. Hereinafter, this Complaint will collectively refer to the Defendants described above as "Defendants."

11. This is an action for patent infringement arising under the patent laws of the United States, Title 35, United States Code.  This Court has exclusive subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

12. On information and belief, this Court has personal jurisdiction over Defendants by virtue of their transacting and doing business in this state and conducting infringing activity in this state pursuant to Utah Code Ann. § 78B-3-205.

13. Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(b), (c), and 1400(b).

GENERAL ALLEGATIONS

14. On October 15, 2002, United States Patent Number 6,465,961 (the "`961 patent") was duly and legally issued in the name of inventor Densen Cao for an invention entitled "SEMICONDUCTOR LIGHT SOURCE USING A HEAT SINK WITH A PLURALITY OF PANELS."  A copy of this patent is attached hereto as Exhibit A.

15. On October 21, 2003, United States Patent Number 6,634,770 (the "`770 patent") was duly and legally issued in the name of inventor Densen Cao for an invention entitled "LIGHT

SOURCE USING SEMICONDUCTOR DEVICES MOUNTED ON A HEAT SINK."  A copy of this patent is attached hereto as Exhibit B.

16. On June 8, 2004, United States Patent Number 6,746,885 (the "`885 patent") was duly and legally issued in the name of inventor Densen Cao for an invention entitled "METHOD FOR MAKING A SEMICONDUCTOR LIGHT SOURCE."  A copy of this patent is attached hereto as Exhibit C.

17. The `961 patent, the `770 patent, and the `885 patent, collectively, are hereinafter referred to as the "CAO Patents."

18. By assignment from the inventor, the CAO Group, Inc. is the owner of all rights, title and interest in the CAO Patents.

19. CAO has sold and continues to sell LED light source products under the trademark "Dynasty" that are embraced by and fall within the scope of the claims of the CAO Patents.

FIRST CLAIM FOR RELIEF
(Patent Infringement, 35 U.S.C. § 271(a))

20.  Plaintiff incorporates by reference all paragraphs above, and alleges:

21. CAO is the lawful owner of the CAO Patents, and has the right to bring this claim for patent infringement.  On information and belief, Defendants have and are presently manufacturing, using, marketing, selling, and/or offering to sell, in the District of Utah and elsewhere throughout the United States, without authority or license from Plaintiff, products that fall within the scope of the claims of the CAO Patents.

22. By these actions, Defendants directly infringed and are continuing to directly infringe the CAO Patents in violation of 35 U.S.C. § 271(a).

23. On information and belief, Defendants' acts of infringement have been willful and deliberate in that (a) Defendants have full knowledge of the existence and content of the CAO Patents, and (b) Defendants have no reasonable basis to believe that the CAO Patents are invalid or not infringed by the above-identified products.

24. As a result of Defendants' acts of infringement of the CAO Patents, CAO has been damaged in an amount to be determined at trial, and has suffered and will continue to suffer irreparable injury to its business, unless such acts are enjoined by the Court.

SECOND CLAIM FOR RELIEF
(Inducement to Infringe, 35 U.S.C. § 271(b))

25. CAO incorporates by reference all paragraphs above, and alleges:

26. On information and belief, in the course of its business, by knowingly making and selling products that infringe the CAO Patents, Defendants have actively induced infringement of the CAO Patents by consumers and other third parties.

27. By these actions, Defendants have induced and are inducing others to infringe the CAO Patents, in violation of 35 U.S.C. § 271(b).

28. On information and belief, Defendants' acts of inducement to infringe have been willful and deliberate in that (a) Defendants have full knowledge of the existence and content of the CAO Patents, and (b) Defendants have no reasonable basis to believe that the CAO Patents are invalid or not infringed by the above-identified actions.

29. As a result of Defendants' acts of inducement to infringe the CAO Patents, CAO has been damaged in an amount to be determined at trial, and has suffered and will continue to suffer irreparable injury to its business, unless such acts are enjoined by the Court.

### THIRD CLAIM FOR RELIEF
(Contributory Infringement, 35 U.S.C. § 271 (c))

30. CAO incorporates by reference all paragraphs above, and alleges:

31. On information and belief, Defendants' suppliers and customers have used and are continuing to sell, market, or use the infringing LED light source products sold to or purchased from Defendants, which use directly infringes the CAO Patents.

32. By these acts, Defendants have engaged and are engaging in acts of contributory infringement of the CAO Patents, in violation of 35 U.S.C. § 271(c).

33. On information and belief, Defendants' acts of contributory infringement have been willful and deliberate in that (a) Defendants have full knowledge of the existence and content of the CAO Patents, and (b) Defendants have no reasonable basis to believe that the CAO Patents are invalid or not infringed by the above-identified actions.

34. As a result of Defendants' acts of contributory infringement of the CAO Patents, CAO has been damaged in an amount to be determined at trial, and has suffered and will continue to suffer irreparable injury to its business, unless such acts are enjoined by the Court.

### PRAYER FOR RELIEF

WHEREFORE, CAO respectfully prays for the following relief:

a. That this Court adjudge and decree that Defendants have and are individually engaged in acts of infringement, inducing infringement, and/or contributory infringement of the CAO Patents.

b. That this Court adjudge and decree that the CAO Patents are valid and enforceable and that CAO has the right to sue and recover damages for infringement.

  c. That this Court preliminarily and permanently enjoin Defendants and their respective officers, agents, employees, and all others in active concert with the foregoing from further acts of infringement, inducing infringement, and/or contributory infringement of the CAO Patents under 35 U.S.C. § 283.

  d. That this Court adjudge and decree that Defendants' infringement, inducing infringement, and/or contributory infringement of the CAO Patents has been willful and deliberate.

  e. That this Court order an accounting of damages to CAO arising from Defendants' acts of infringement, including profits made by Defendants and profits lost by CAO as a result of Defendants' infringing activities.

  f. That this Court award CAO damages adequate to compensate it for Defendants' infringement of the CAO Patents together with pre- and post-judgment interest, and award increased damages because of the willful and deliberate nature of the infringement, as provided under 35 U.S.C. § 284.

  g. That this Court declare the claim an exceptional case and award CAO its reasonable attorneys' fees incurred in bringing and prosecuting this claim as provided under 35 U.S.C. § 285.

  h. That this Court order Defendants to pay CAO's costs and expenses in bringing and prosecuting this action; and

  i. That this Court grant CAO such other and further relief as the Court may deem just and proper.

DEMAND FOR JURY TRIAL

Plaintiff CAO Group, Inc. hereby demands a jury trial in this action.

DATED this 10th day of May, 2011.

>RAY, QUINNEY & NEBEKER
>
>/s/ Mica McKinney
>Mark M. Bettilyon
>Samuel C. Straight
>Mica McKinney
>
>*Attorneys for Plaintiff CAO Group, Inc.*

Plaintiff's Address:

CAO Group, Inc.
4628 West Skyhawk Drive
West Jordan, Utah 84084

1135247