Gregory J Sanders, USB No. 2858
KIPP AND CHRISTIAN, P.C.
10 Exchange Place, Fourth Floor
Salt Lake City, Utah 84111
Telephone: 801-521-3773

Robert J. McAughan, Jr.
Jeffrey Andrews
LOCKE LORD BISSELL & LIDDELL LLP
600 Travis Street, Suite 2800
Houston, Texas 77002
(713) 226-1200 (telephone)

ATTORNEYS FOR GE LIGHTING, INC. AND
GENERAL ELECTRIC COMPANY

**IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF UTAH CENTRAL DIVISION**

| **CAO GROUP, INC. a Utah Corp.** | Central Division Civil Cases 2:11CV426 PMW |
|---|---|
| **Plaintiff.** | **MEMORANDUM IN SUPPORT OF GE LIGHTING, INC.'S MOTION TO DISMISS OR SEVER** |
| vs. | |
| **GE LIGHTING, INC. et al.** | **JURY DEMANDED** |
| **Defendant.** | |

CAO Group, Inc. ("CAO") has improperly combined claims of patent infringement against a number of unrelated competitors advancing infringement claims against different and unrelated products in a manner contrary to the majority practice in the Federal Courts and in a manner that, as to future cases, is now prohibited by the recently-enacted America Invents Act.

Because of this misjoinder, CAOs complaint should be dismissed or, in the alternative, the claims against GE Lighting, Inc. ("GE") should be severed from the claims advanced against the other, unrelated, defendants.

**MEMORANDUM IN SUPPORT OF GE LIGHTING, INC.'S MOTION TO DISMISS OR SEVER**

**ARGUMENT**

While the Federal Rules encourage joinder of claims, parties, and remedies, Fed. R. Civ. P. 20 imposes limitations on a plaintiff's ability to sue multiple unrelated defendants in the same lawsuit. In particular, Fed. R. Civ. P. 20 allows joinder of claims against unrelated defendants only if "any right to relief is asserted against them jointly, severally, or in the alternative ***with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences.***" (emphasis added). This requirement is not met here.

CAO filed a Complaint advancing infringement allegations that three patents have been infringed by a number of wholly-unrelated companies as a result of acts associated with a number of wholly-unrelated products. Nothing in CAO's complaint alleges or suggests that the defendants have engaged in related activities or acted in concert to allegedly infringe CAO's patent. Indeed, such an allegation could not be made as the defendants are direct competitors. All in all, CAO cannot escape the fact that it is attempting to sue, in one common action, unrelated and competing defendants for their own independent acts of infringement.

Under these circumstances, the Federal Rules, fairness, and the overwhelming weight of judicial precedent warrant severance and/or dismissal of CAO's complaint (either in its entirety or against all but the first-named defendant), with leave for CAO to bring individual actions against the individual defendants. *See, e.g., Bear Creek Technologies, Inc. v. RCN Communicaitons, et al.,* Slip Op. (E.D. Va., Aug. 17, 2011)(not known to be published at this time)(Exhibit 1) (finding, *sua sponte*, misjoinder of claims that a patent was infringed by unrelated defendants offering unrelated products and dismissing claims against all but first named defendant); *Interval Licensing LLC v. AOL, Inc.*, No. C10-1385, 2011 WL 1655713, at *2 (W.D. Wash. Apr. 19, 2011)(granting severance where unrelated defendants producing

**MEMORANDUM IN SUPPORT OF GE LIGHTING, INC.'S MOTION TO DISMISS OR SEVER**

**Page** 2

competing products "[were] accused of infringing the patents in similar ways, but not as part of the same transaction or occurrence or series of transactions or occurrences"); *WiAV Networks, LLC v. 3Com Corp.,* 2010 U.S. Dist. LEXIS 110957, at *19 (N.D. Cal. Oct. 1, 2010)(dismissing 39 of the 40 defendants, finding the "plaintiff cannot escape the fact that it is suing unrelated and competing defendants for their own independent acts of patent infringement."); *BillingNetwork Patent Inc. v. Avisena, Inc.,* No. 09 C 8002, 2010 WL45765 at *1 (N.D. Ill, Jan. 4, 2010)(On its own motion, the court required BillingNetwork to dismiss four of five defendants who were "wholly unrelated" and only "assertedly infringe[d] the same patent."); *Verve L.L.C. v. Verifone, Inc.*, 2:03-cv-76481, slip op. at 6 (E.D. Mich. May 11, 2004) (unpublished) ("[Plaintiff's] claims alleged against defendant [] do not arise out of the same transactions or occurrences of the remaining [] defendants simply because all of the defendants' devices may have infringed the same [] patent.") (copy attached as Exhibit 2); *Verve L.L.C. v. Hypercom Corp.*, No. -04-CA-062-LY, slip op. at 3-4 (W.D. Tex. Dec. 29, 2004)(unpublished) (Yaekel, J.) ("Defendants who have merely committed similar acts of infringement do not meet" the "transaction test" set out in Rule 20(a)) (copy attached as Exhibit 3); *Pergo, Inc. v. Alloc., Inc.*, 262 F. Supp.2d 122, 128 (S.D.N.Y. 2003) ("[T]he fact that two parties may manufacture or sell similar products, and that these sales or production may have infringed the identical patent owned by the plaintiffs is not sufficient to join unrelated parties as defendants in the same lawsuit pursuant to Rule 20(a)."); *Androphy v. Smith and Nephew, Inc.*, 31 F. Supp.2d 620, 623 N.D. Ill. 1998) (Joinder of companies selling different competing products is impermissible, notwithstanding alleged infringement of the same patents); *New Jersey Machines, Inc. v. Alford Industries, Inc.*, 1991 U.S. Dist. LEXIS 20376, at *4 (D.N.J. Oct. 7, 1991) ("Infringement of the same patent by

different machines and parties does not constitute the same transaction or occurrence to justify joinder of the new defendants."), *aff'd*, 983 F.2d 1087 (Fed. Cir. 1992).

A small minority of Federal Courts have allowed claims against unrelated defendants and different products to proceed in the same case. *See, e.g., Sprint Commc'ns Co. v. Theglobe.com, Inc.*, 233 F.R.D. 615, 616-18) (D. Kan. 2006) (denying motion to dismiss claims of patent infringement against different defendants concerning the same patent as misjoined). Not only is this minority position contrary to the collective wisdom of the majority of the Federal Courts, it is, as to future-filed cases, now prohibited by the recently-enacted Leahy-Smith America Invents Act (Patent Reform Act of 2011, Pub. L. 112-29, H.R. 1249, enacted September 16, 2011).[1] In particular, the America Invents Act will add a new section to Title 35, specifically 35 U.S.C. § 299 as follows:

> *§ 299. Joinder of parties*
>
> *(a)   JOINDER OF ACCUSED INFRINGERS——In any civil action arising under any Action arising under any Act of Congress relating to patents, other than an action or trial in which an act of infringement under section 271(e)(2) has been pled, parties that are accused infringers may be joined in one action as defendants or counterclaim defendants **only if** –*
>
>   *(1) any right to relief is asserted against the parties jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences relating to the making, using, importing into the United States, offering for sale, or selling of **the same accused product or process**; and*
>   *(2) questions of fact common to all defendants or counter-claim defendants will arise in the action.*
>
> *(b)   ALLEGATIONS INSUFFICIENT FOR JOINDER.—For purposes of this subsection, accused infringers **may not be joined in one action or trial** as defendants or counterclaim defendants based solely on allegations that they each have infringed the patent or patents in suit.*

---

[1] The text of the America Invents Act indicates that the new Section 299 applies to any civil action commenced on or after the date of the enactment of the act (September 16, 2011). *See* Committee Report at 33 (Exhibit F).
**MEMORANDUM IN SUPPORT OF GE LIGHTING, INC.'S MOTION TO DISMISS OR SEVER**

*(emphasis added). See* Committee Report on America invents Act at 33 (selections attached as Exhibit 4); full text available at
*http://judiciary.house.gov/issues/Patent%20Reform%20PDFS/CRPT-112hrpt98-pt1.pdf*

By requesting dismissal of CAO's complaint, GE is not suggesting that CAO should not be allowed to pursue its claims of alleged infringement against the other defendants named in this action or that it would be inappropriate for the Court to coordinate discovery, pre-trial claim construction and/or – if later justified by facts not presently apparent – trial acts associated with the defendant-specific actions contemplated by this motion.  To the contrary, if this motion is granted, counsel for GE will work with counsel for CAO and the other Defendants to determine what actions may be appropriate for purposes of judicial economy and efficiency.  Such actions, allowed under Fed. R. Civ. P. 42(a), can be implemented, however, without condoning the misjoinder of claims arising out of different transactions and occurrences and without depriving each of the defendants the fundamental right to defend itself and its right to present individualized defenses to the claims being advanced against them.  *Cf. Paine, Webber, Jackson & Curtis, Inc. v. Merrill Lynch, Pierce, Fenner & Smith, Inc*., 564 F. Supp. 1358, 1370 (D. Del. 1983) (distinguishing between Rule 42(a)'s requirement only of a common question of law or fact and Rule 20(a)'s additional requirement that the claims arise out of the same transaction or occurrence).

## CONCLUSION

For the foregoing reasons, GE respectfully requests that the Court dismiss CAO's complaint in its entirety (or against all but the first named defendant) with leave to refile separate actions to advance any dismissed claims.[2]

DATED this 20th day of September, 2011.

*/s/ Robert J. McAughan, Jr.*

ROBERT J. MCAUGHAN, JR.

---

[2] In an effort to minimize the burden on the Court, GE's counsel raised this issue with CAO's counsel.  *See* Letter from B. McAughan to M. Bettilyon (Exhibit 5).  CAO's counsel responded in a letter referencing DUCivR 42-1 and making it clear that it will oppose this motion.  *See* Letter from M. Bettilyon to B. McAughan dated August 26, 2011 (Exhibit 6).  DUCivR 42-1 determines which judge should rule on a motion to consolidate cases based on the assertion of a common patent. It does not suggest that consolidation of such cases is appropriate.  As noted above, the majority of Federal Courts and Congress have found that it is not.

**MEMORANDUM IN SUPPORT OF GE LIGHTING, INC.'S MOTION TO DISMISS OR SEVER**

## CERTIFICATE OF MAILING

IT IS HEREBY CERTIFIED that on the 20th day of September 2011, I caused a true and correct copy of the foregoing:

**MEMORANDUM IN SUPPORT OF
GE LIGHTING, INC.'S MOTION TO DISMISS OR SEVER**

to be e-filed with the United States District Court, Central Division, and notice of Electronic Filing was sent by the Court to the following:

| | |
|---|---|
| Mark M. Bettilyon<br>mbettilyon@rqn.com<br>RAY QUINNEY & NEBEKER<br>36 S STATE ST STE 1400<br>SALT LAKE CITY, UT 84145-0385<br>*Attorney for Plaintiff CAO Group, Inc* | Alan L. Sullivan<br>asullivan@swlaw.com<br>SNELL & WILMER<br>15 West South Temple, Suite 1200<br>Gateway Tower West<br>Salt Lake City, Utah 84101<br>*Attorneys for Defendant Sharp Electronics Corporation* |
| Douglas F. Stewart<br>stewart.douglas@dorsey.com<br>DORSEY & WHITNEY, LLP<br>701 Fifth Avenue, Suite 6100<br>Seattle, Washington 98104<br>*Attorneys for Defendant Toshiba International Corp.* | Christine T. Greenwood<br>greenwood@mgpclaw.com<br>MAGLEBY & GREENWOOD, P.C.<br>170 South Main St., Suite 850<br>Salt Lake City, Utah 84101-3605<br>*Attorneys for Defendant Lighting Science Group Corporation* |

  /s/ Robert J. McAughan, Jr.