Mark M. Bettilyon (4798)
Samuel C. Straight (7638)
Mica McKinney (12163)
Ray, Quinney & Nebeker
36 South State Street, Suite 1400
P.O. Box 45385
Salt Lake City, Utah 84145-0385
Telephone: (801) 532-1500
Email: mbettilyon@rqn.com
Email: sstraight@rqn.com
Email: mmckinney@rqn.com

*Attorneys for Plaintiff CAO Group*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| CAO Group, a Utah Corporation,<br><br>             Plaintiff,<br><br>vs.<br><br>GE Lighting, a Delaware Corporation, et al.<br><br>             Defendants. | **MEMORANDUM IN OPPOSITION TO GE LIGHTING, INC.'S MOTION TO DISMISS OR SEVER**<br><br>Case No. 2:11-cv-426<br><br>Magistrate Judge Paul M. Warner |

Plaintiff CAO Group, Inc. ("CAO"), by and through counsel, hereby submits this Memorandum in Opposition to the Motion to Dismiss or Sever filed by Defendant GE Lighting, Inc. ("GE"). CAO requests that the Court deny GE's motion. Alternatively, CAO requests that if the Court severs CAO's claims against GE from the claims against the other named defendants, that the Court also consolidate the separate actions to ensure consistent and efficient resolution of GE's infringement claims.

**STATEMENT OF FACTS**

1. On May 10, 2011, CAO sued GE Lighting and seven other defendants for infringing three patents: patent numbers 6,465,961 ("`961 patent"), 6,634,770 ("`770 patent"), and 6,746,885 ("`885 patent).

2. In the above-captioned case, CAO alleges that each of the defendants design, manufacture, and/or sell retro-fit LED light source products that infringe the CAO patents at issue.

3. In many cases, the LED chips used in defendants' respective infringing products, which may be part of an "LED package," are manufactured by a third-party.

4. Upon information and belief, two or more of the defendants use the same or very similar LED chips and LED package in their infringing products.

5. For example, GE's energy smart 40-watt equivalent LED retro-fit light bulb is made with the Cree Xlamp XP-G LEDs.  *See* Wendy Koch, *Light bulb war?  New LEDs by GE, Home Depot compete,* USA Today, May 10, 2010.  A copy is attached hereto as Exhibit A.

6. Upon information and belief, at least one other defendant, Feit Electric, also uses the same or very similar LED packages as those used by GE.  *See* Press Release, Feit Electric, Feit Electric Introduces Two High Power, Direct Replacement LED Lamps with ENERGY STAR Rating (Feb. 25, 2011), *available at* http://news.thomasnet.com/fullstory/Direct-Replacement-LED-Lamps-have-ENERGY-STAR-approval-591920.  A copy is attached hereto as Exhibit B.

7. Upon information and belief, additional GE products use different LED packages, which are also used by other defendants in their products.

8. Indeed, defendants' infringing products incorporate a variety of LED products produced by a narrow list of vendors, and there is therefore a large amount of overlap among the suppliers and LED packages used in the infringing products manufactured by the named defendants.

9. To illustrate, defendant Lighting Science Group has disclosed to the SEC that it uses "LEDs provided by Citizen Electronics Co., Ltd., or Citizen Electronics, Nichia Corporation, Osram Opto Semiconductors GmbH, Philips Lumileds Lighting Company, Seoul Semiconductor, Inc. and various other vendors." *See* Lighting Science Group Corp., Form 10-K, April 1, 2011, at 7. A copy is attached hereto as Exhibit C.

10. While many of the defendants do not publicly disclose information about the LED vendor and specific LED package used in their products, visual inspection suggests that there is substantial overlap in the LED packages used by the above-named defendants.

11. Moreover, at least two defendants, Lighting Science Group Corporation and Osram Sylvania, have a cooperative business relationship. *See* Lighting Science Group Corp., Form 10-K, April 1, 2011, at 12-13. A copy is attached hereto as Exhibit D.

## ARGUMENT

Prior to any discovery or even the appearance of any other defendants, GE has moved to dismiss or sever CAO's claims against GE, arguing that CAO improperly joined the named defendants in the above-captioned action. This motion is without merit and should be denied. GE's argument is counter to case law from courts within the Tenth Circuit, which permits under Rule 20 the joinder of patent infringement defendants. *See, e.g., Sprint Commc'ns Co. v. Theglobe.com, Inc.*, 233 F.R.D. 615, 616-18 (D. Kan. 2006) (concluding that it was proper to

join claims against defendants accused of infringing the same patents). Moreover, even under the non-binding case law cited by GE, CAO properly joined its claims against all of the defendants named in the above-captioned action, when the products manufactured by defendants contain overlapping structures and pre-manufactured products. Finally, GE's motion is premature and advances form over substance, economy, and judicial efficiency. Accordingly, GE's motion should be denied in its entirety. If, however, the Court finds that CAO has improperly joined the defendants, CAO requests that the Court sever, rather than dismisss, CAO's claims and consolidate the severed action against GE with the present lawsuit.

### I. UNDER THE CASE LAW FOLLOWED IN THE TENTH CIRCUIT, CAO PROPERLY JOINED MULTIPLE PATENT INFRINGEMENT DEFENDANTS.

CAO properly joined in one action multiple defendants accused of infringing the same three patents. Rule 20 permits the joining of claims that "aris[e] out of the same transaction, occurrence, or series of transactions or occurrences" and that present a "question of law or fact common to all defendants." Fed. R. Civ. P. 20(b). A claim arises from the same transaction or occurrence "when the likelihood of overlapping proof and duplication in testimony indicates that separate trials would result in delay, inconvenience, and added expense to the parties and to the court." 7 Charles Alan Wright, Arthur R. Miller, Mary Kay Kane & Richard L. Marcus, Federal Practice & Procedure § 1653 (3d. ed. 2011); *see also Jacobs v. Watson Pharm. Co.*, No. 10-cv-120, 2011 WL 2216257 (N.D. Okla. June 7, 2011 (applying logical relationship test to Rule 20 analysis).

At the time CAO filed its suit, and still to date, no circuit court of appeals has addressed the application of the permissive joinder standard to multiple defendants in patent infringement suits. Without a controlling authority, CAO followed the approach adopted by the district

4

courts within this circuit, as well as the Fifth Circuit, including the Eastern District of Texas. *See Sprint Commc'ns Co. v. Theglobe.com, Inc.*, 233 F.R.D. 615, 616-18 (D. Kan. 2006); *MyMail, Ltd. v. America Online, Inc.*, 223 F.R.D. 455 (E.D. Tex. 2004); *but see Rudd v. Lux Prods. Corp.*, No. 09-cv-6957, 2011 WL 148052, at *3 (N.D. Ill. Jan. 12, 2011).  Under this standard, a plaintiff may join defendants in a patent suit if the defendants manufacture and/or sell similar products that allegedly infringe the same patents and proving so will involve duplicative arguments and overlapping evidence. *Id.*  (concluding that because the defendants were accused of infringing the same seven patents and asserted overlapping affirmative defenses, the plaintiff's claims against each defendant arose from the same transaction or occurrence and would also raise common issues of fact and law).  In line with *Sprint Communications*, CAO joined in one action eight defendants who manufacture and/or sell similar LED light sources, specifically retro-fit light bulbs or lamps, and who CAO believes infringe the same patents.

In arguing that CAO has misjoined the defendants, GE urges the Court to reject the flexible approach followed by the District of Kansas and instead adopt a more limited approach applied to patent cases by district courts outside of the Tenth Circuit.  "In essence," similar to the defendants in *Sprint Communications*, GE "advocate[s] a rule that requires separate proceedings simply because unrelated defendants are alleged to have infringed the same patent." *Sprint Commc'ns*, 233 F.R.D. at 617 (quoting *MyMail*, 223 F.R.D. at 457).  A "per se" rule such as this "fails to recognize the realties of complex, and particularly patent, litigation" and defeats Rule 20's purpose which is to "address the 'broadest possible scope of action consistent with fairness to the parties.'" *Nat'l Ass'n of Investors Corp. v. Bivio, Inc.*, No. 10-cv-

5

567, 2011 WL 1059835, at *2 (D. Colo. 2011) (quoting *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 724 (1966)); *see also B & R Plastics, Inc. v. Kikkerland Design, Inc.*, No. 8-cv-2646, 2009 WL 3698528, at *3 (D. Colo. 2009) ("Rule 20 serves trial convenience, expedites determination of disputes and avoids multiple lawsuits."). This approach is unwarranted when "the transaction and common-question requirements prescribed by Rule 20(a) are not rigid tests." They are instead fact-specific, "flexible concepts used by the courts to implement the purpose of Rule 20 and therefore are to be read as broadly as possible whenever doing so is likely to promote judicial economy." 7 Charles Alan Wright, Arthur R. Miller, Mary Kay Kane & Richard L. Marcus, Federal Practice & Procedure § 1653 (3d. ed. 2011).

  Judicial economy aside, GE suggests that based on precedent from out-of-circuit district courts as well as the newly enacted America Invents Act, the Court should conclude that CAO misjoined the defendants in this action. The America Invents Act is immaterial to CAO's Complaint. CAO filed its Complaint well before the September 16, 2011 enactment date; and, by the plain language of the Act, the Act's joinder provision applies only to "civil action[s] commenced on or after the date of the enactment of this Act." Moreover, section 299 of the Act largely incorporates the Rule 20 standard and provides that parties may not be joined "solely on allegations that they each have infringed the patent or patents in suit." In this case, and in contrast to many of the cases cited by GE, the logical relationship between the named defendants extends beyond the fact that CAO alleges that the defendants infringe the same patents.

## II. EVEN UNDER THE NARROW APPROACH URGED BY GE, CAO HAS PROPERLY JOINED THE DEFENDANTS IN THIS ACTION.

GE asserts that CAO has joined "wholly-unrelated companies as a result of acts associated with a number of wholly-unrelated products." Indeed, GE asserts that because the defendants are competitors there cannot be a logical relationship between the infringing nature of their products. *See* Mem. Supp. at 2. However, the District of Kansas rejected this very argument, stating: "That [the defendants] are competitors who allegedly have infringed the same patents **enhances, rather than undermines**, the rationale for permissive joinder in this matter." *Sprint Commc'ns Co. v. Theglobe.com, Inc.*, 233 F.R.D. 615, 617 (D. Kan. 2006) (emphasis added).

The defendants in the above-captioned case are competitors in a developing industry, which depends on a highly disaggregated supply chain. Indeed, LED lamp and light bulb manufacturers, including the named defendants, commonly purchase components of their products from third parties. Upon information and belief, CAO believes that there is substantial overlap in the defendants' suppliers for LED packages and other components relevant to CAO's patent claims. For example, CAO believes that the LED packages that GE and Feit use in several of their products are the same or similar products. Therefore, unlike the products at issue in the cases cited by GE, *see, e.g., Bear Creek Techs. v. RCN Commc'ns*, No. 2:11-cv-103, Slip. Opp. (E.D. Va. Aug. 17, 2011) (Mem. Supp. Ex. 1); *Pergo, Inc. v. Alloc., Inc.*, 262 F.Supp.2d 122, 128 (S.D.N.Y. 2003), the products at issue in this case are not entirely unique to each defendant. Instead, in this case, the defendants manufacture products with common components and overlap between suppliers. In fact, at least two defendants have a cooperative business relationship. *See Ex. D.* There undoubtedly will be an overlap in proving CAO's

7

claims as well as the defendants' defenses and certainly a duplication of testimony. Similarly, questions of fact and law common to all defendants, such as the validity of the patents, will arise in this action. Because the defendants' infringing products share common components, CAO's claims meet even the more stringent test advanced by GE. CAO's claims against all defendants should remain joined.

### III.  GE'S MOTION IS PREMATURE

GE's motion, which was filed before any discovery and even before the appearance of all parties to this action, is premature. As described above, the facts available to CAO and through CAO's pre-filing discovery indicate that the parties share a logical relationship. Discovery regarding the defendants' products will further develop this argument.

### IV.  ALTERNATIVELY,  IF THE COURT FINDS MISJOINDER, THE COURT SHOULD SEVER AND THEN CONSOLIDATE THE CASES.

If the Court determines based on the nonexistent record in this case that CAO has improperly joined the defendants, the Court should sever, rather than dismiss, CAO's claims and consolidate the cases. "Misjoinder is not a ground for dismissing an action." Fed. R. Civ. P. 21; *Simpson v. Steen*, 127 F.Supp. 132, 140 (D. Utah 1954). Under Rule 21 the Court may drop or sever parties. Fed. R. Civ. P. 21. In this case, severance is the proper action if the Court finds misjoinder.

Dropping parties under Rule 21 is unnecessary and will only result in delay and loss of economy and judicial efficiency. If parties are dropped, CAO will re-file its Complaint against each defendant individually, stalling the pending case because in the end, whether joined in the same action or pursued in separate cases, CAO's claims should be adjudicated contemporaneously and under consolidation to avoid duplicitous and inconsistent claims,

constructions, discovery and pre-trial motions. Therefore, CAO requests that, if the Court determines that CAO inappropriately joined the defendants in one action, the Court prevent further delays and expenses by severing and then consolidating the actions now.

Local rules favor consolidation of cases that involve the same patent, trademark, or copyright. DUCivR 42-1. In footnote 2 of GE's Memorandum in Support, GE asserts that Local Rule 42-1 guides only which judge should rule on the motion to consolidate. To the contrary, while a decision to consolidate remains solely in the discretion of the trial court, Local Rule 42-1 indicates that the pendency of multiple patent infringement cases involving the same patent is grounds for consolidation. Indeed, "having two different courts [or judges] interpret the same patent claims . . . risk[s] inconsistent claim construction rulings, which, in turn, would promote uncertainty and impede the administration of justice." *DataTreasury Corp. v. First Data Corp.*, 243 F.Supp.2d 591, 596 (N.D. Tex. 2003); s*ee also Interval Licensing LLC v. AOL, Inc.*, No. , 2011 WL 1655713 (W.D. Wash. 2011) (consolidating severed patent cases for all pretrial proceedings and for trial). To avoid this "untenable prospect," any severed claims should be consolidated.

## CONCLUSION

GE's Motion to Dismiss or Sever the Claims is unwarranted. CAO properly joined the defendants in this action based on current law at the time the Complaint was filed. Severing the claims as GE requests will result in a waste of scarce judicial resources and inconsistent rulings. Should the Court decide that CAO's claims should be severed, the individual cases against each defendant should be consolidated.

## CERTIFICATE OF SERVICE

I certify that the foregoing **MEMORANDUM IN OPPOSITION TO GE LIGHTING, INC.'S MOTION TO DISMISS OR SEVER**, was filed with the clerk of the court using the CM/ECF system on the 7th day of October, 2011, and will be sent electronically to the all registered participants as identified on the notice of electronic filing.

/s/ Jean Peterson

1153089

| **EXHIBIT LIST** ||
|:---:|:---:|
| EXHIBIT | TITLE |
| A | Wendy Koch, *Light bulb war? New LEDs by GE, Home Depot compete,* USA Today, May 10, 2010 |
| B | Press Release, Feit Electric, Feit Electric Introduces Two High Power, Direct Replacement LED Lamps with ENERGY STAR Rating (Feb. 25, 2011) |
| C | Lighting Science Group Corp., Form 10-K, April 1, 2011, at 7 |
| D | Lighting Science Group Corp., Form 10-K, April 1, 2011, at 12-13 |