Milo Steven Marsden (4879)
marsden.steve@dorsey.com
**DORSEY & WHITNEY LLP**
136 South Main Street, Suite 1000
Salt Lake City, UT 84101-1685
Telephone: (801) 933-7360

Paul T. Meiklejohn
meiklejohn.paul@dorsey.com
Douglas F. Stewart
stewart.douglas@dorsey.com
**DORSEY & WHITNEY LLP**
701 Fifth Avenue, Suite 6100
Seattle, WA 98104
Telephone: (206) 903-8800

*Attorneys for Defendant Toshiba International Corporation*

---

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| CAO GROUP, INC., a Utah corporation, <br><br> Plaintiff, <br><br> vs. <br><br> GE LIGHTING, INC., a Delaware corporation; OSRAM SYLVANIA, a Delaware corporation; LIGHTING SCIENCE GROUP CORPORATION, a Florida corporation; NEXXUS LIGHTING, INC., a Delaware corporation; SHARP ELECTRONICS CORPORATION, a New Jersey corporation; TOSHIBA INTERNATIONAL CORPORATION, a California corporation; FEIT ELECTRIC COMPANY, INC., a California corporation; and LIGHTS OF AMERICA, INC., a California corporation. <br><br> Defendants. | **ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS OF TOSHIBA INTERNATIONAL CORPORATION** <br><br> Jury Demanded <br><br><br> CIVIL NO. 2:11-CV-00426-PMW <br><br><br> Honorable Judge Paul M. Warner |

Defendant Toshiba International Corporation ("TIC") hereby answers the allegations contained in the Complaint filed by the plaintiff CAO Group, Inc. ("CAO"), as set forth below.  TIC specifically denies all allegations not expressly admitted below.

## PARTIES, JURISDICTION, AND VENUE

1.     TIC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 1 and therefore denies the same.

2.     TIC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 2  and therefore denies same.

3.     TIC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 3  and therefore denies same.

4.     TIC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 4 and therefore denies same.

5.     TIC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 5 and therefore denies same.

6.     TIC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 6 and therefore denies same.

7.     Admitted.

8.     TIC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 8 and therefore denies same.

9.     TIC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 9 and therefore denies same.

10.     No response is required.

11.     To the extent the allegations of paragraph 11 set forth legal conclusions, no response is required.  TIC admits that this action arises under the patent laws of the United States, Title 35 of the United States Code and subject matter jurisdiction is in the federal courts.  TIC denies the remaining allegations of paragraph 11.

12.     To the extent the allegations of paragraph 12 set forth legal conclusions, no response is required.  TIC is without knowledge or information sufficient to form a belief about the truth of the allegations which relate to the other Defendants in paragraph 12 of the Complaint and therefore denies those allegations.  TIC denies the remaining allegations of paragraph 12.

13.     To the extent the allegations of paragraph 13 set forth legal conclusions, no response is required.  To the extent the allegations in this paragraph relate to other Defendants, TIC is without knowledge or information sufficient to form a belief as to the truth of those allegations and , therefore, denies them.  TIC denies the remaining allegations of paragraph 13.

## GENERAL ALLEGATIONS

14.     TIC admits that attached to the Complaint as Exhibit A is a United States Patent, bearing No. 6,465,961 ("the '961 patent"), which is entitled "SEMICONDUCTOR LIGHT SOURCE USING A HEAT SINK WITH A PLURALITY OF PANELS."  The face sheet of the '961 patent identifies Densen Cao as an inventor and displays an issue date of October 15, 2002.  TIC denies the remaining allegations of paragraph 14.

15.     TIC admits that attached to the Complaint as Exhibit B is a United States Patent, bearing No. 6,634,770 ("the '770 patent"), which is entitled "LIGHT SOURCE USING SEMICONDUCTOR DEVICES MOUNTED ON A HEAT SINK."  The face sheet of the '770 patent identifies Densen Cao as an inventor and displays an issue date of October 21, 2003.  TIC denies the remaining allegations of paragraph 15.

16.     TIC admits that attached to the Complaint as Exhibit C is a United States Patent, bearing No. 6,746,885 ("the '885 patent"), which is entitled "METHOD FOR MAKING A SEMICONDUCTOR LIGHT SOURCE."  The face sheet of the '885 patent identifies Densen Cao an inventor and displays an issue date of June 8, 2004.  TIC denies the remaining allegations of paragraph 16.

17.     No response is required.

18.     TIC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 18 and therefore denies same.

19.     TIC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 19 and therefore denies same.

**FIRST CLAIM FOR RELIEF:**
**(Patent Infringement, 35 U.S.C. § 271(a))**

20.     TIC realleges and by this reference incorporates the foregoing paragraphs above in response to paragraph 20 of the Complaint.

21.     To the extent the allegations in paragraph 21 relate to other Defendants, TIC is without knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, denies them.  TIC is also without knowledge or information sufficient to form a belief as to whether CAO is the owner of the CAO Patents, and has the right to bring this claim for patent infringement.  TIC denies the remaining allegations of paragraph 21.

22.     To the extent the allegations in paragraph 22 relate to other Defendants, TIC is without knowledge or information sufficient to form a belief as to the truth of those allegations and , therefore, denies them.  TIC denies the remaining allegations in paragraph 22.

23.     To the extent the allegations in paragraph 23 relate to other Defendants, TIC is without knowledge or information sufficient to form a belief as to the truth of those allegations and , therefore, denies them.  TIC denies the remaining allegations in paragraph 23.

24.     To the extent the allegations in paragraph 24 relate to other Defendants, TIC is without knowledge or information sufficient to form a belief as to the truth of

those allegations and , therefore, denies them.  TIC denies the remaining allegations in paragraph 24.

## SECOND CLAIM FOR RELIEF:
### (Inducement to Infringe, 35 U.S.C. § 271(b))

25.     TIC realleges and by this reference incorporates the foregoing paragraphs above in response to paragraph 25 of the Complaint.

26.     To the extent the allegations in paragraph 26 relate to other Defendants, TIC is without knowledge or information sufficient to form a belief as to the truth of those allegations and , therefore, denies them.  TIC denies the remaining allegations in paragraph 26.

27.     To the extent the allegations in paragraph 27 relate to other Defendants, TIC is without knowledge or information sufficient to form a belief as to the truth of those allegations and , therefore, denies them.  TIC denies the remaining allegations in paragraph 27.

28.     To the extent the allegations in paragraph 28 relate to other Defendants, TIC is without knowledge or information sufficient to form a belief as to the truth of those allegations and , therefore, denies them.  TIC denies the remaining allegations in paragraph 28.

29.     To the extent the allegations in paragraph 29 relate to other Defendants, TIC is without knowledge or information sufficient to form a belief as to the truth of those allegations and , therefore, denies them.  TIC denies the remaining allegations in paragraph 29.

## THIRD CLAIM FOR RELIEF:
### (Contributory Infringement, 35 U.S.C. § 271(c))

30.     TIC realleges and by this reference incorporates the foregoing paragraphs above in response to paragraph 30 of the Complaint.

31.     To the extent the allegations in paragraph 31 relate to other Defendants, TIC is without knowledge or information sufficient to form a belief as to the truth of

those allegations and , therefore, denies them.  TIC denies the remaining allegations in paragraph 31.

32.    To the extent the allegations in paragraph 32 relate to other Defendants, TIC is without knowledge or information sufficient to form a belief as to the truth of those allegations and , therefore, denies them.  TIC denies the remaining allegations in paragraph 32.

33.    To the extent the allegations in paragraph 33 relate to other Defendants, TIC is without knowledge or information sufficient to form a belief as to the truth of those allegations and , therefore, denies them.  TIC denies the remaining allegations in paragraph 33.

34.    To the extent the allegations in paragraph 34 relate to other Defendants, TIC is without knowledge or information sufficient to form a belief as to the truth of those allegations and , therefore, denies them.  TIC denies the remaining allegations in paragraph 34.

## RESPONSE TO PLAINTIFF'S DEMAND FOR JURY TRIAL

35.    TIC also requests trial by jury on all issues so triable.

## CAO'S PRAYER FOR RELIEF

36.    TIC denies that CAO is entitled to any relief, whether enumerated as (a)-(i) in the Complaint or otherwise requested.

## AFFIRMATIVE DEFENSES

37.    CAO's claims are barred in whole or in part by the following affirmative defenses.

## FIRST AFFIRMATIVE DEFENSE
### (Non-Infringement of the Claims of the '961 Patent)

38.     TIC has not engaged in any act that constitutes direct infringement of, contributory infringement of, or inducement to infringe, any valid claim of the '961 Patent, either literally or under the doctrine of equivalents.

## SECOND AFFIRMATIVE DEFENSE
### (Non-Infringement of the Claims of the '770 Patent)

39.     TIC has not engaged in any act that constitutes direct infringement of, contributory infringement of, or inducement to infringe, any valid claim of the '770 Patent, either literally or under the doctrine of equivalents.

## THIRD AFFIRMATIVE DEFENSE
### (Non-Infringement of the Claims of the '885 Patent)

40.     TIC has not engaged in any act that constitutes direct infringement of, contributory infringement of, or inducement to infringe, any valid claim of the '885 Patent, either literally or under the doctrine of equivalents.

## FOURTH AFFIRMATIVE DEFENSE
### (Invalidity of the '961 Patent)

41.     The claims of the '961 Patent are invalid for failure to comply with one or more of the requirements of Title 35, United States Code including, without limitation, §§ 101, 102, 103, 112, 116, 132, and/or 251.

## FIFTH AFFIRMATIVE DEFENSE
### (Invalidity of the '770 Patent)

42.     The claims of the '770 Patent are invalid for failure to comply with one or more of the requirements of Title 35, United States Code including, without limitation, §§ 101, 102, 103, 112, 116, 132, and/or 251.

## SIXTH AFFIRMATIVE DEFENSE
### (Invalidity of the '885 Patent)

43.     The claims of the '885 Patent are invalid for failure to comply with one or more of the requirements of Title 35, United States Code including, without limitation, §§ 101, 102, 103, 112, 116, 132, and/or 251.

### SEVENTH AFFIRMATIVE DEFENSE
### (Estoppel)

44.     CAO is estopped from construing any valid claim of the CAO Patents to be infringed or to have been infringed, either literally or by application of the doctrine of equivalents, by any product made, used, imported, sold, or offered for sale by TIC in view of prior art and/or because of admissions, representations, and/or statements made to the Patent and Trademark Office during prosecution of any application leading to the issuance of the CAO Patents or any related patent, because of disclosure or language in the specifications of the CAO Patents, and/or because of limitations in the claims of the CAO Patents.

### EIGHTH AFFIRMATIVE DEFENSE
### (No Basis for an Injunction)

45.     CAO is not entitled to an injunction because CAO is not likely to prevail on the merits, CAO has not suffered and will not suffer irreparable harm because of any conduct by TIC, and CAO has an adequate remedy at law for its alleged injury.

### NINTH AFFIRMATIVE DEFENSE
### (Double Recovery)

46.     CAO's claims for relief are limited by the doctrines of full compensation, exhaustion, and/or first sale, and CAO is not entitled to double recovery.

### TENTH AFFIRMATIVE DEFENSE
### (Unenforceability of the '961 Patent)

47.     According to Patent Office records, the same law firm, Parsons, Behle & Latimer, and for the most part, the same attorney, Daniel P. McCarthy, prosecuted the

patents-in-suit as well as three other patents assigned to CAO, United States Patent Nos. 6,634,771; 6,719,446; and 7,224,001.  These three patents and the patents-in-suit were filed on August 24, 2011 and were filed and prosecuted by Mr. McCarthy and the law firm of Parsons, Behle & Latimer.  Each patent identifies Densen Cao as the sole named inventor.  Each patent is directed to semiconductor light sources.

48.     The '961 Patent was allowed to issue without any substantive examination.  The Examiner provided two reasons for allowing the patent to issue:  (a) the prior art does not disclose a heat sink having a plurality of panels ; and (b) the prior art does not disclose a heat sink located within a transparent enclosure.  In fact, the Examiner was wrong.  The prior art disclosed both of these limitations in a single reference—United States Patent No. 6,220,722 to Begemann (assigned to Koninklijke Philips Electronics N.V).

49.     Attorney Daniel P. McCarthy knew that these two elements were, in fact, in the prior art and he knew this at the time the '961 Patent was being prosecuted. Attorney Daniel P. McCarthy handled the prosecution of the '961 Patent, the prosecution of United States Patent No. 6,634,771 (the "771 Patent"), and the prosecution of United States Patent No. 6,719,446 (the "446 Patent').  The '961, '771, and '446 Patents (1) were all filed on August 24, 2001;  (2) named Densen Cao as sole inventor;  (3) were directed to semiconductor light source technology;  and (4) were prosecuted at least in part by attorney Daniel P. McCarthy.  The '961 Patent was examined by a different Examiner in the Patent Office than the Examiner who examined the '446 and the '771 Patents, however.

50.     During the prosecution of the '771 Patent, the Parsons, Behle & Latimer law firm and attorney Daniel P. McCarthy received an Office Action mailed August 28,

2002.  In that Office Action, the Examiner rejected all claims of the application for the '771 Patent as anticipated by United States Patent No. 6,220,772 to Begemann.  The Examiner of the '771 Patent spent five pages of this Office Action explaining why Begemann was material prior art to the claims of the '446 Patent.

51.     Shortly thereafter, Attorney Daniel P. McCarthy received an Office Action mailed August 29, 2002 regarding the '446 patent.  In that Office Action, the Examiner also rejected the claims of the application for the '446 Patent as anticipated by United States Patent No. 6,220,772 to Begemann.  The Examiner of the '446 Patent spent over ten pages of this Office Action explaining why Begemann was material prior art to the claims of the '446 Patent.

52.     Attorney Daniel P. McCarthy presumably received these Office Actions shortly after August 28, 2002 and August 29, 2002 respectively, but never disclosed the Begemann patent to the Examiner of the '961 Patent.   Rather, attorney Daniel P. McCarthy allowed the '961 Patent to issue six weeks later—on October 15, 2002 without ever informing the Examiner that his reasons for allowance were, in fact, false.

53.     Begemann is prior art to the '961 Patent because it issued before the '961 Patent issued and was filed before the application leading to the '961 Patent was filed. 35 U.S.C. § 102(e).

54.     The Begemann reference is material to the claims of the '961 Patent.  As noted above, the Examiner of the '961 Patent set forth only two distinctions between the claims of the '961 Patent and the prior art.  Both distinctions are disclosed in Begemann. The Examiner would not have allowed all the claims of the '961 Patent to issue had he known of the Begemann patent.   Moreover, at least claim 17 of the '961 Patent is anticipated by the disclosure of Begemann.

-10-

55.     Attorney Daniel P. McCarthy intended to deceive the Patent Office when he withheld the Begemann reference from the Examiner.  Intent to deceive the Examiner is the single most reasonable inference to be drawn from his failure to disclose the reference.  First, attorney Daniel P. McCarthy knew of the existence of the Begemann patent and that it was material prior art to the claims of the '961 Patent.  He had been informed of these facts during the pendency of the application for the '961 Patent via the prosecution of the '446 and '771 Patents in which he received two Office Actions rejecting over Begemann the claims of the applications which issued as the '446 and '771 Patents.  Second, attorney McCarthy knew that the Begemann reference was material because both the Office Action in the '446 Patent and the Office Action in the '771 Patent set out in detail the material features of that reference many, and sometimes all, of which are set out in the claims of the '961 Patent.  Third, attorney Daniel P. McCarthy did not object to the Examiner's reasons for allowance—*i.e.*, because the prior art did not disclose two claimed elements, heat sinks (a) having a plurality of panels, and (b) located within a transparent enclosure.  Finally, attorney Daniel P. McCarthy allowed the '961 Patent to issue knowing that the Examiner's reasons for allowance were untrue, and withholding the Begemann patent so that the Examiner could not ascertain the fact that the reasons for allowance were untrue.

56.     At least the '961 Patent is unenforceable as a result of this inequitable conduct.

## ADDITIONAL DEFENSES

57.     TIC reserves the right to revise, supplement or amend its Answer and affirmative Defenses.

## COUNTERCLAIMS

Counterclaim plaintiff Toshiba International Corporation ("TIC") alleges by way of counterclaim against counterclaim defendant CAO Group, Inc. ("CAO") as follows:

### The Parties

1.     TIC is a California corporation with its principal place of business at 13131 West Little York Road, Houston, Texas, 77041. TIC has suffered, and will continue to suffer, irreparable harm and injury due to CAO's allegation that TIC has infringed one or more of the claims of United State Patent No. 6,465,961 ("the '961 patent"),  6,634,770 ("the '770 patent") and 6,746,885 ("the '885 patent") (collectively, the "CAO Patents").

2.     CAO claims to be a Utah corporation, with its principal place of business at 4628 West Skyhawk Drive, West Jordan, Utah 84083.

3.     CAO claims to be the owner by assignment of the CAO Patents.

### Jurisdiction and Venue

4.     This Court has subject matter jurisdiction under 28 U.S.C. § 1331 governing federal questions, under the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, and under the laws of the United States concerning actions related to patents, 28 U.S.C. § 1338(a).  By filing its Complaint, CAO has consented to the personal jurisdiction of this Court.

5.     Venue is proper in this district pursuant to 28 U.S.C. §§ 1391 and 1400.

### FIRST COUNTERCLAIM
**(Declaratory Judgment of Noninfringement As To The '961 Patent)**

6.     TIC repeats and realleges each of the allegations and defenses set forth above as if fully contained herein.

-12-

7.      CAO alleges that TIC infringes one or more claims of the '961 Patent. TIC denies infringing any valid claim of the '961 Patent.

8.      An actual and justiciable controversy exists between TIC, on the one hand, and CAO, on the other hand, with respect to CAO's allegations that TIC infringes one or more claims of the '961 Patent.

## SECOND COUNTERCLAIM
### (Declaratory Judgment of Noninfringement As To The '770 Patent)

9.      TIC repeats and realleges each of the allegations and defenses set forth above as if fully contained herein.

10.     CAO alleges that TIC infringes one or more claims of the '770 Patent. TIC denies infringing any valid claim of the '770 Patent.

11.     An actual and justiciable controversy exists between TIC, on the one hand, and CAO, on the other hand, with respect to CAO's allegations that TIC infringes one or more claims of the '770 Patent.

## THIRD COUNTERCLAIM
### (Declaratory Judgment of Noninfringement As To The '885 Patent)

12.     TIC repeats and realleges each of the allegations and defenses set forth above as if fully contained herein.

13.     CAO alleges that TIC infringes one or more claims of the '885 Patent. TIC denies infringing any valid claim of the '885 Patent.

14.     An actual and justiciable controversy exists between TIC, on the one hand, and CAO, on the other hand, with respect to CAO's allegations that TIC infringes one or more claims of the '885 Patent.

**FOURTH COUNTERCLAIM**
**(Declaratory Judgment of Invalidity As To The '961 Patent)**

15.     TIC repeats and realleges each of the allegations and defenses set forth above as if fully contained herein.

16.     CAO alleges that the claims of the '961 patent are valid. TIC alleges that the claims of the '961 patent are invalid for failure to comply with one or more of the requirements of Title 35, United States Code including, without limitation, §§ 101, 102, 103, 112, 116, 132, and/or 251.

17.     An actual and justiciable controversy exists between TIC, on the one hand, and CAO, on the other hand, with respect to the validity of the '961 patent.

**FIFTH COUNTERCLAIM**
**(Declaratory Judgment of Invalidity As To The '770 Patent)**

18.     TIC repeats and realleges each of the allegations and defenses set forth above as if fully contained herein.

19.     CAO alleges that the claims of the '770 patent are valid. TIC alleges that the claims of the '770 patent are invalid for failure to comply with one or more of the requirements of Title 35, United States Code including, without limitation, §§ 101, 102, 103, 112, 116, 132, and/or 251.

20.     An actual and justiciable controversy exists between TIC, on the one hand, and CAO, on the other hand, with respect to the validity of the '770 patent.

**SIXTH COUNTERCLAIM**
**(Declaratory Judgment of Invalidity As To The '885 Patent)**

21.     TIC repeats and realleges each of the allegations and defenses set forth above as if fully contained herein.

22.     CAO alleges that the claims of the '885 patent are valid. TIC alleges that the claims of the '885 patent are invalid for failure to comply with one or more of the requirements of Title 35, United States Code including, without limitation, §§ 101, 102, 103, 112, 116, 132, and/or 251.

23.     An actual and justiciable controversy exists between TIC, on the one hand, and CAO, on the other hand, with respect to the validity of the '885 patent.

### SEVENTH COUNTERCLAIM
### (Unenforceability of the '961 Patent))

24.     TIC repeats and realleges each of the allegations and defenses set forth above as if fully contained herein.

25.     CAO alleges that the '961 Patent is enforceable.  TIC alleges that the '961 Patent is unenforceable for inequitable conduct for the reasons set out in ¶¶ 47-56 hereof (pages 8-11).

26.     An actual and justiciable controversy exists between TIC, on the one hand, and CAO, on the other hand, with respect to the unenforceability of the '961 Patent.

### PRAYER FOR RELIEF

WHEREFORE, TIC respectfully prays for an Order and Judgment as follows:

(a)     Dismissing with prejudice all of CAO's claims;

(b)     Declaring that no claim of the '961 Patent is infringed by TIC;

(c)     Declaring that no claim of the '770 Patent is infringed by TIC;

(d)     Declaring that no claim of the '885 Patent is infringed by TIC;

(e)     Declaring that the claims of the '961 Patent are invalid;

(f)     Declaring that the claims of the '770 Patent are invalid;

(g)     Declaring that the claims of the '885 Patent are invalid;

(h)     Declaring that the '961 Patent is unenforceable as a result of CAO's inequitable conduct before the Patent Office;

(i)     Preliminarily and permanently enjoining CAO, its officers, agents, servants, employees, directors, former directors and attorneys, and those persons acting in active concert or participation with them who receive actual notice, from threatening TIC or any of its customers, agents, employees and affiliates, or any users of its products, either verbally or in writing, with allegations of infringement of the '961 Patent, '770 Patent and '885 Patent;

(j)     Finding that this is an exceptional case under 35 U.S.C. § 285, and awarding TIC its reasonable attorney fees and costs; and

(k)     Granting TIC such other and further relief as this Court may deem just and equitable.

//

//

//

//

//

//

//

//

//

//

//

## JURY DEMAND

TIC demands a trial by jury on all claims so triable.


DATED this 7th day of October, 2011.          DORSEY & WHITNEY LLP


_s/Douglas F. Stewart_____
Milo Steven Marsden, USB No. 4879
Jennie Garner, USB No. 5486
KERNS BUILDING
136 SOUTH MAIN STREET, SUITE 1000
SALT LAKE CITY, UTAH 84101-1655
Phone: (801) 933-7360
Fax: (801) 933-7373


Paul T. Meiklejohn, WSBA No. 17477
Douglas F. Stewart, WSBA No. 34068
COLUMBIA CENTER
701 FIFTH AVENUE, SUITE 6100
SEATTLE, WASHINGTON 98104-7043
Phone: (206) 903-8800
Fax: (206) 903-8820

_Attorneys for Defendant_
_Toshiba International Corporation_

# CERTIFICATE OF SERVICE

I hereby certify that on the 7th day of October, 2011, a true and correct copy of the foregoing ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS OF TOSHIBA INTERNATIONAL CORPORATION was served upon the person(s) named below, at the address set out below either by mailing, postage prepaid, hand-delivery, Federal Express, telecopy, e-mail, or ECF as indicated below:

| | |
|---|---|
| Mark M. Bettilyon (4798)<br>Samuel C. Straight (7638)<br>MICA MCKENNEY (12163)<br>Ray, Quinney & Nebeker<br>36 South State Street, Suite 1400<br>P.O. Box 45385<br>Salt Lake City, Utah 84145-0385<br>Telephone: (801) 532-1500<br><br>*Attorneys for Plaintiff CAO Group, Inc.* | ☒ Via ECF<br>☐ Via Hand Delivery<br>☐ Via Overnight Courier<br>☐ Via Facsimile<br>☐ Via Electronic Mail |
| Gregory J. Sanders<br>KIPP & CHRISTIAN<br>10 EXCHANGE PLACE FOURTH FL<br>SALT LAKE CITY, UT 84111-2314<br>(801)521-3773<br><br>Jeffrey A. Andrews<br>Robert J. McAughan, Jr.<br>Daniel G. Nguyen<br>LOCKE LORD BISSELL & LIDDELL LLP<br>600 TRAVIS ST STE 2800<br>HOUSTON, TX 77002<br>(713)226-1200<br><br>*Attorneys for Defendant GE Lighting* | ☒ Via ECF<br>☐ Via Hand Delivery<br>☐ Via Overnight Courier<br>☐ Via Facsimile<br>☐ Via Electronic Mail |
| Christine T. Greenwood<br>MAGLEBY & GREENWOOD PC<br>170 S MAIN ST STE 850<br>SALT LAKE CITY, UT 84101<br>(801)359-9000<br><br>Mark R. Malek | ☒ Via ECF<br>☐ Via Hand Delivery<br>☐ Via Overnight Courier<br>☐ Via Facsimile<br>☐ Via Electronic Mail |

| | |
|---|---|
| Scott D. Nyman<br>Mark F. Warzecha<br>ZIES WIDERMAN & MALEK<br>1990 W NEW HAVEN AVE STE 201<br>MELBOURNE, FL 32904<br>(321)255-2332<br><br>*Attorneys for Defendant Lighting Science Group* | |
| Gregory D Phillips<br>HOWARD PHILLIPS & ANDERSEN<br>560 E 200 S STE 300<br>SALT LAKE CITY, UT 84102<br>(801)366-7471<br><br>*Attorneys for Defendant Lights of America* | ☒ Via ECF<br>☐ Via Hand Delivery<br>☐ Via Overnight Courier<br>☐ Via Facsimile<br>☐ Via Electronic Mail |
| Barbara K. Polich<br>ANTCZAK POLICH LAW<br>PO BOX 58225<br>SALT LAKE CITY, UT 84158<br>(801)521-4409<br><br>Christopher R. Dillon<br>Stephen A. Marshall<br>Alan D. Smith<br>FISH & RICHARDSON<br>ONE MARINA PARK DR<br>BOSTON, MA 02210<br>(617)542-5070<br><br>*Attorneys for Defendant Osram Sylvania* | ☒ Via ECF<br>☐ Via Hand Delivery<br>☐ Via Overnight Courier<br>☐ Via Facsimile<br>☐ Via Electronic Mail |
| Benjamin Hershkowitz<br>GIBSON DUNN & CRUTCHER (NY)<br>200 PARK AVE<br>NEW YORK, NY 10166<br>(212)351-2410<br><br>Amber M. Mettler<br>Alan L. Sullivan<br>SNELL & WILMER (UT)<br>15 W SOUTH TEMPLE STE 1200<br>GATEWAY TOWER WEST<br>SALT LAKE CITY, UT 84101<br>(801)257-1900 | ☒ Via ECF<br>☐ Via Hand Delivery<br>☐ Via Overnight Courier<br>☐ Via Facsimile<br>☐ Via Electronic Mail |

| | |
|---|---|
| *Attorneys for Defendant Sharp Electronics* | |

s/Douglas F. Stewart
Douglas F. Stewart