Peter W. Billings (0330)
Robert G. Crockett (12067)
FABIAN & CLENDENIN, P.C.
215 South State Street, Suite 1200
Salt Lake City, UT 84111-2323
Office: (801) 531-8900
Fax: (801) 532-3370
pbillings@fabianlaw.com
rcrockett@fabianlaw.com

Of Counsel:
John S. Hilten
BAKER & HOSTETLER LLP
1050 Connecticut Avenue, N.W.
Suite 1100
Washington, D.C. 20036
Tel: (202) 861-1500
Fax: (202) 861-1783
jhilten@bakerlaw.com

Attorneys for Defendant
NEXXUS LIGHTING INC.

IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
CENTRAL DIVISION

| | |
|---|---|
| CAO Group, Inc. a Utah Corporation,<br><br>Plaintiff,<br><br>v.<br><br>GE Lighting, a Delaware Corporation, et al.,<br><br>Defendant. | Case No. 2:11-cv-426-PMW<br><br>DEFENDANT'S ANSWER AND COUNTERCLAIM<br><br>JURY DEMANDED<br><br>Magistrate Judge Paul M. Warner |

Defendant Nexxus Lighting, Inc. ("Nexxus") submits this Answer in response to the Complaint filed in this action by CAO Group, Inc. ("CAO"). For this answer, Nexxus states as follows:

1. Nexxus is without information or knowledge sufficient to form a belief as to the allegations made in paragraph 1 of the Complaint and therefore denies the allegations of this paragraph.

2. Nexxus is without information or knowledge sufficient to form a belief as to the allegations made in paragraph 2 of the Complaint and therefore denies the allegations of this paragraph.

3. Nexxus is without information or knowledge sufficient to form a belief as to the allegations made in paragraph 3 of the Complaint and therefore denies the allegations of this paragraph.

4. Nexxus is without information or knowledge sufficient to form a belief as to the allegations made in paragraph 4 of the Complaint and therefore denies the allegations of this paragraph.

5. Nexxus admits that it is a corporation organized and existing under the laws of the State of Delaware and having a place of business at 124 Floyd Smith Drive, Suite 300, Charlotte, NC 28262.

6. Nexxus is without information or knowledge sufficient to form a belief as to the allegations made in paragraph 6 of the Complaint and therefore denies the allegations of this paragraph.

7. Nexxus is without information or knowledge sufficient to form a belief as to the allegations made in paragraph 7 of the Complaint and therefore denies the allegations of this paragraph.

8. Nexxus is without information or knowledge sufficient to form a belief as to the allegations made in paragraph 8 of the Complaint and therefore denies the allegations of this paragraph.

9. Nexxus is without information or knowledge sufficient to form a belief as to the allegations made in paragraph 9 of the Complaint and therefore denies the allegations of this paragraph.

10. Nexxus admits that Plaintiff's Complaint purports to refer to the Parties referenced in paragraphs 2-9 as the Defendants.

11. Nexxus admits that Plaintiff's Complaint purports to be based on the Patent Laws of the United States, Title 35, United States Code and that Plaintiff's Complaint further purports that the Court has original jurisdiction of such claims pursuant to 28 U.S.C. §1331 and 1338(a). Nexxus denies any remaining allegations in paragraph 11 of the Complaint.

12. Nexxus admits that Plaintiff's Complaint purports to set forth that the Court has personal jurisdiction over this action pursuant Utah Code Ann. § 78B-3-205. Nexxus denies any remaining allegations made in paragraph 12 of the Complaint.

13. Nexxus admits that Plaintiff's Complaint purports to set forth that Venue in this judicial district is proper under 28 U.S.C. §§1391 (b) and (c) and/or 1400(b). Nexxus denies any remaining allegations made in paragraph 13 of the Complaint.

14. Nexxus is without information or knowledge sufficient to form a belief as to the allegations made in paragraph 14 of the Complaint and therefore denies the allegations of this paragraph.

15. Nexxus is without information or knowledge sufficient to form a belief as to the allegations made in paragraph 15 of the Complaint and therefore denies the allegations of this paragraph.

16. Nexxus is without information or knowledge sufficient to form a belief as to the allegations made in paragraph 16 of the Complaint and therefore denies the allegations of this paragraph.

17. Nexxus admits that Plaintiff's Complaint purports to refer to the '961 Patent, '770 Patent, and '885 Patent as the "CAO Patents." Nexxus denies any remaining allegations made in paragraph 17 of the Complaint.

18. Nexxus is without information or knowledge sufficient to form a belief as to the allegations made in paragraph 18 of the Complaint and therefore denies the allegations of this paragraph.

19. Nexxus is without information or knowledge sufficient to form a belief as to the allegations made in paragraph 19 of the Complaint and therefore denies the allegations of this paragraph.

20. Nexxus repeats and re-alleges, as if fully set forth herein, the responses set forth in the paragraphs above.

21. Nexxus is without information or knowledge sufficient to form a belief as to the allegations made in first sentence of paragraph 21 of the Complaint and therefore denies the allegations of the first sentence. Nexxus denies the remaining allegations made in paragraph 21 of the Complaint.

22. Nexxus denies the allegations made in paragraph 22 of the Complaint.

23. Nexxus denies the allegations made in paragraph 23 of the Complaint.

24. Nexxus denies the allegations made in paragraph 24 of the Complaint.

25. Nexxus repeats and re-alleges, as if fully set forth herein, the responses set forth in the paragraphs above.

26. Nexxus denies the allegations made in paragraph 26 of the Complaint.

27. Nexxus denies the allegations made in paragraph 27 of the Complaint.

28. Nexxus denies the allegations made in paragraph 28 of5 the Complaint.

29. Nexxus denies the allegations made in paragraph 29 of the Complaint.

30. Nexxus repeats and re-alleges, as if fully set forth herein, the responses set forth in the paragraphs above.

31. Nexxus denies the allegations made in paragraph 31 of the Complaint.

32. Nexxus denies the allegations made in paragraph 32 of the Complaint.

33. Nexxus denies the allegations made in paragraph 33 of the Complaint.

34. Nexxus denies the allegations made in paragraph 34 of the Complaint.

35. Nexxus denies that Plaintiff is entitled to the relief sought in the Prayer for Relief.

**DEFENSES**

Further answering the Complaint, Defendant Nexxus alleges as follows:

36. The Complaint fails to state a claim upon which relief may be granted.

37. This Court lacks personal jurisdiction over Nexxus.

38. The venue in which Plaintiff has brought its claims is improper.

39. The claims of the CAO Patents are invalid for failing to comply with the provisions of Title 35 U.S.C., including without limitation one or more of 35 U.S.C. §§ 101, 102, 103, 112 and 132.

40. Nexxus has not in any manner infringed any of the claims of the CAO Patents and is not liable under any provision of 35 U.S.C. § 271.

41. On information and belief, Plaintiff's allegations of patent infringement are barred under the doctrine of prosecution history estoppel, and Plaintiff is estopped from claiming that the claims of the CAO Patents cover or include the accused products or their use.

42. To the extent that the accused products have been used or manufactured by or for the United States, Plaintiff's claims and demands for relief are barred by 28 U.S.C. §1498.

43. Plaintiff has dedicated to the public all methods, apparatus, and products disclosed in the CAO Patents but not literally claimed therein, and is estopped from claiming infringement by any such public domain designs.

44. The relief sought in the Complaint is barred in whole or part under 35 U.S.C. §287.

45. Plaintiff has failed to plead and meet the requirements for enhanced damages.

46. Plaintiff's claims are barred by latches.

47. The relief sought in the Complaint is barred in whole or in part by unclean hands.

**PRAYER FOR RELIEF**

WHEREFORE, Nexxus prays for the following relief:

48. The Court enter a judgment against Plaintiff on, and dismiss with prejudice, each claim of its Complaint against Nexxus;

49. The Court award to Nexxus its reasonable costs and attorney's fees, together with interest, including prejudgment interest, thereon; and

50. The Court grant to Nexxus such other and further relief as may be deemed just and appropriate.

**COUNTERCLAIM**

51. Without admitting any of the allegations of the Complaint other than those admitted herein and without prejudice to Nexxus' right to plead additional counterclaims as the facts of the matter warrant, Nexxus asserts the following counterclaim and alleges as follows:

PARTIES

52. Counter-Plaintiff Nexxus Corporation ("Nexxus") is a Delaware Corporation.

53. Counter-Defendant CAO Group ("CAO") has alleged that it is a Utah Corporation.

JURISDICTION

54. The Court has jurisdiction over the counterclaims under 28 U.S.C. §§1338(a) & 2201-02.

FIRST COUNTERCLAIM

55. Nexxus repeats and re-alleges, as if fully set forth herein, the allegations set forth in the paragraphs above.

56. There is an actual justiciable case or controversy in this District, arising under the patent laws, 35 U.S.C. § 1 *et seq*., between Counter-Plaintiff and Counter-Defendants. This case or controversy exists at least by virtue of Plaintiff's Complaint in this action, which alleges patent infringement, and Nexxus' answer thereto, which asserts the non-infringement and/or invalidity of the CAO Patents.

57. Counter-Plaintiff desires and is entitled to a Judicial Declaration that the CAO Patents are invalid for failing to meet the provisions of 35 U.S.C., including without limitation §§ 101, 102, 103 or 112.

58. Counter-Plaintiff desires and is entitled to a Judicial Declaration that the CAO Patents are not infringed.

PRAYER FOR RELIEF

WHEREFORE, Nexxus prays for judgment that:

59. Counter-Defendant is not entitled to any relief prayed for in its Complaint or any relief whatsoever from Nexxus.

60. The CAO Patents are invalid.

61. The CAO Patents have never been and are not now infringed by Nexxus in this judicial district or anywhere in the United States.

62. Counter-Defendants' Complaint be dismissed in its entirety with prejudice.

63. Nexxus be awarded its costs and disbursements including its reasonable attorneys' fees and such other and further relief as the court may deem proper.

**JURY DEMAND**

Pursuant to Fed. R. Civ. P. 38(b), Defendant, Nexxus Corporation demands a trial by jury.

Dated: October 10th, 2011

Respectfully submitted,

/s/ Robert G. Crockett

Peter W. Billings
Robert G. Crockett
FABIAN & CLENDENIN, P.C.
215 South State Street, Suite 1200
Salt Lake City, UT 84111-2323
Office: (801) 531-8900
Fax: (801) 532-3370

Of Counsel:
John S. Hilten
BAKER & HOSTETLER LLP
1050 Connecticut Avenue, N.W.
Suite 1100
Washington, D.C. 20036
Tel: (202) 861-1500
Fax: (202) 861-1783

Attorneys for Defendant
NEXXUS LIGHTING INC.

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing DEFENDANT'S ANSWER AND COUNTERCLAIM was filed with the Court through the Court's CM/ECF System, and will be served electronically to all parties named below on this 10th day of October, 2011:

Mark M. Bettilyon
Samuel C. Straight
Mica McKinney
RAY, QUINNEY & NEBEKER
*Attorneys for Plaintiff CAO Group, Inc.*
mbettilyon@rqn.com
sstraight@rqn.com
mmckinney@rqn.com

Daniel G. Nguyen
LOCKE LORD BISSELL & LIDDELL LLP
*Attorneys for GE Lighting*
dnguyen@lockelord.com
jandrews@lockelord.com
bmcaughan@lockelord.com
gjsanders@kippandchristian.com

Christine T. Greenwood
MAGLEBY & GREENWOOD PC
*Attorneys for Lighting Science Group*
greenwood@mgpclaw.com

Mark R. Malek
ZIES WIDERMAN & MALEK
*Attorneys for Lighting Science Group*
mark@legalteamusa.com
mfw@legalteamusa.com
nyman@legalteamusa.com

Alan L. Sullivan
SNELL & WILMER (UT)
*Attorneys for Sharp Electronics*
asullivan@swlaw.com
amettler@swlaw.com

Benjamin Hershkowitz
GIBSON DUNN & CRUTCHER (NY)
*Attorneys for Sharp Electronics*
bhershkowitz@gibsondunn.com

Douglas F. Stewart
Milo Steven Marsden
Paul T. Meiklejohn
DORSEY & WHITNEY
*Attorneys for Toshiba International*
stewart.douglas@dorsey.com
marsden.steve@dorsey.com
meiklejohn.paul@dorsey.com

/s/ Robert G. Crockett

4845-8809-1659, v. 1