Gregory J Sanders, USB No. 2858
KIPP AND CHRISTIAN, P.C.
10 Exchange Place, Fourth Floor
Salt Lake City, Utah 84111
Telephone: 801-521-3773

Robert J. McAughan, Jr.
Jeffrey A. Andrews
LOCKE LORD LLP
600 Travis Street, Suite 2800
Houston, Texas 77002
(713) 226-1200 (telephone)
ATTORNEYS FOR GE LIGHTING, INC. AND
GENERAL ELECTRIC COMPANY

IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF UTAH CENTRAL DIVISION

| CAO GROUP, INC. a Utah Corp. Plaintiff. vs. GE LIGHTING, INC. et al. Defendant. | Central Division Civil Cases 2:11CV426 PMW REPLY TO CAO'S OPPOSITION GE LIGHTING, INC.'S MOTION TO DISMISS OR SEVER |
|---|---|

CAO's Opposition does not dispute that, under the majority rule, it is ***improper*** to join in a single case claims that different defendants, selling different products, have infringed the same patent. Instead, CAO argues that this Court should follow the minority rule allowing such joinder as set forth in the Eastern District of Texas's *MyMail* opinion and its District of Kansas's progeny, *Spirit Communications*.

There are good reasons why the majority rule is the majority rule and why the minority rule is the minority rule. There also are good reasons why the minority rule as articulated in *MyMail* and *Spirit Communication* was legislatively abrogated last month. These reasons all warrant adoption of the majority rule here, and severance or dismissal of CAO's claims.

**REPLY TO CAO'S OPPOSITION TO GE LIGHTING, INC.'S MOTION TO DISMISS OR SEVER**

**Page** 1

I.   **UNDER THE MAJORITY RULE, CAO'S ATTEMPTED JOINDER IS IMPROPER**

CAO argues that its attempted joinder of claims was in accordance with Tenth Circuit law.  CAO, however, cites no case from the Court of Appeals for the Tenth Circuit in support of this proposition.  Instead, CAO sites to the Eastern District of Texas's *My Mail* opinion and its District of Kansas's progeny, *Spirit Communications*.

As reflected in the numerous cases cited in GE's opening memorandum, the *My Mail* approach (followed in *Spirit Communications*) is unquestionably the minority position.  The minority status of that position—and the legislative consensus that that the *MyMail* and *Spirit Communications'* position is in conflict with the proper construction of Fed. R. Civ. P. 20(a)—was recognized in the House Committee report for the newly enacted America Invents Act (which would bar an action of the type brought by CAO if filed today).  That report explicitly confirms that the purpose of the language in the America Invents Act prohibiting such actions was ***not*** to implement something new, but rather to "legislatively abrogate[] the construction of Rule 20(a) adopted in  *MyMail* . . . [and] . . . *Sprint Communication* . . . ***effectively conforming these courts' jurisprudence to that followed by the majority of jurisdictions***."  *See* House Committee Report on America Invents Act at 55 n. 61(Exhibit 1) (emphasis added).

There are good reasons why the majority rule is the majority rule and why Congress (and the President who signed the America Invents Act) found the minority rule to be so problematic that it had to be legislatively abolished.  Primary among them is the fact that it is unfair to force multiple, unrelated defendants to present, in a single trial and before a single jury, their individual defenses against unrelated claims of patent infringement directed to different products.  Indeed, allowing a patentee plaintiff to force a number of unrelated defendants—who are

**REPLY TO CAO'S OPPOSITION TO GE LIGHTING, INC.'S MOTION TO DISMISS OR SEVER**

competitors in the market— to present their individualized defenses on issues of patent invalidity, infringement, alleged willful infringement, and damages raises serious and significant due process concerns. *See, e.g., Ameritech Benefit Plan Comm. v. Communication Workers of America,* 220 F. 3d 814, 820 (7th Cir. 2000) (in the context of class actions noting that "Defendant classes . . . are more likely than plaintiff classes to include members whose interests diverge from those of the named representatives, which means that they are more in need of the due process protections afforded by [Rule 23](b)(3)'s safeguards").

There is no legitimate dispute that under the majority rule, and the current law, the joinder and multi-defendant trial attempted by CAO is improper.

## II. THE "FACTS" REFERENCED IN CAO'S OPPOSITION DO NOT JUSTIFY THE JOINDER OF CAO'S DISPARATE CLAIMS

Relying on a "Statement of Facts," CAO's Opposition contends that there are facts that warrant the mass trial CAO contemplates. Individual consideration of CAO's "facts" shows that many are not facts at all. Collective consideration shows that they fall well short of justifying joinder and a common trial.

Many of CAO's alleged facts are mere allegations based on "information and belief" with no supporting verification or support. *See, e.g.,* CAO's "Facts" No. 4, 6 & 7. Others are speculation or opinions from some unidentified individual that components are the same or "similar." *See, e.g.,* CAO's "Fact" No. 3 (contending that some unidentified "LED chips . . . *may* be part of an 'LED package'"; "Fact" No. 4 ("two or more of the defendants use the *same or very similar* LED chips and LED package); "Fact" No. 8 ("a large amount of *overlap*") (emphasis added in all instances).

Even considering CAO's "facts," there is no proper basis for joinder or a multi-defendant trial. CAO alleges: (i) that at least two of the eight defendants in this case use as

**REPLY TO CAO'S OPPOSITION TO GE LIGHTING, INC.'S MOTION TO DISMISS OR SEVER**

**Page** 3

components in their products "the same or similar" "LED packages" provided by a "narrow list of vendors" (CAO "Facts" 2–8) and (ii) that two other defendants "have a cooperative business relationship (CAO "Fact" 11).

That a component in two (or even three or four) of the defendants' products may be provided by a common vendor does not justify a patent infringement jury trial with eight unrelated defendants and many more differently-designed and -manufactured products. Indeed, CAO has not even attempted to explain how this alleged common component has any bearing or relationship to its patent infringement claims. That CAO has not attempted to bring the alleged common vendors into the case is evidence that this alleged common component is not pertinent to CAO's claims. Moreover, even if there were a common component used in a few or all of the various defendants' products, a common trial would not be justified. Many electronic toy products are offered on the market with Energizer batteries provided in the package. Yet few would even argue that patent infringement claims advanced against different manufactures and differently designed and operated products should appear before the same jury, in the same trial, on that basis.

Similarly, that two defendants are alleged to have a "cooperative business relationship" does not justify the joinder in one case of patent infringement claims against them and six other defendants. The fact that CAO offers this tenuous basis for joinder and a common trial speaks to the weakness of CAO's position.

The simple fact is that CAO has not offered any reasonable factual evidence for subjecting the Court and the parties to the extreme burden that would result if patent infringement claims against eight different defendants, potentially involving close to a hundred different products, were forced to be presented to the same jury at the same time.

**REPLY TO CAO'S OPPOSITION TO GE LIGHTING, INC.'S MOTION TO DISMISS OR SEVER**

This void of evidence in CAO's Opposition is telling.  As plaintiff-patentee, CAO had an obligation under Fed. R. Civ. P. 11 to compare each accused product with the asserted patent claims prior to its filing of this action.  *See, e.g., Antonious v. Spalding & Evenflo Cos.*, 275 F.3d 1066, 1072 (Fed. Cir. 2002) (*"*Rule 11 requires an attorney who files a patent infringement action to compare the accused device with the construed patent claims."). If there were truly factual evidence suggesting that the claims against the different defendants and their different products substantially overlapped (which there is not), one would have expected to see that evidence presented in CAO's Opposition.

Surprisingly, CAO attempts to turn its lack of evidence to its advantage by arguing that—because it has not had time to engage in discovery—it would be therefore "premature" to require it to advance its individual claims against the various individual defendants.  This argument is illogical.  As a matter of fundamental principal, and as reflected by the fact that Fed. R. Civ. P. 20 allows joinder only in a limited set of circumstances, each defendant is *prima facia* entitled to a separate trial where it can present its individualized defenses to claims brought against it.  The argument that different claims brought against different defendants should be maintained as a single action through discovery so that the plaintiff can have time to troll for facts supporting its improper joinder is in sharp conflict with this principal.  *See, e.g., ThermaPure Inc. v. Temp-Air, Inc.,* No. 10-cv-4724, 2010 WL 5419090 (N.D. Ill., Dec. 22, 2010) (granting defendants' motion to sever after finding that generalized allegations insufficient to justify joinder).

Simply put, there is no proper evidentiary basis supporting the joinder and common trial that would result from CAO's complaint.  Dismissal with leave to refile and/or severance, is warranted.

**REPLY TO CAO'S OPPOSITION TO GE LIGHTING, INC.'S MOTION TO DISMISS OR SEVER**

### III. IF THE CASES ARE SEVERED, GE DOES NOT OPPOSE COORDINATION OF DISCOVERY, CLAIM CONSTRUCTION AND OTHER PRE-TRIAL ACTS TO PROMOTE JUDICIAL ECONOMY

As expressly noted in GE's Opening motion, by requesting dismissal with leave to refile or severance, GE is not suggesting that CAO should not be allowed to pursue its claims of alleged infringement against the other defendants named in this action or that it would be inappropriate for the Court to coordinate discovery, pre-trial claim construction and/or other acts associated with the defendant-specific actions contemplated by this motion. To the contrary, as previously noted, if this motion is granted, counsel for GE will work with counsel for CAO and the other Defendants to determine what types of coordination of pre-trial and discovery actions may be appropriate for purposes of judicial economy and efficiency. Such coordination, while avoiding duplicate burdens on the Court and the parties, however, would preserve each defendant's right to present its individualized defense to the claims brought against it. Such coordination would also provide each defendant with its day in Court and a fair opportunity to present its case to the jury should this case go to trial.

### CONCLUSION

For the foregoing reasons, GE respectfully requests that the Court dismiss CAO's complaint in its entirety (or against all but the first named defendant) with leave to refile separate actions to advance any dismissed claims.

DATED this 21th day of October 2011.

      /s/ Robert J. McAughan, Jr.

ROBERT J. MCAUGHAN, JR.

## CERTIFICATE OF MAILING

IT IS HEREBY CERTIFIED that on the 21th day of October 2011, I caused a true and correct copy of the foregoing:

**REPLY TO CAO'S OPPOSITION TO
GE LIGHTING, INC.'S MOTION TO DISMISS OR SEVER**

to be e-filed with the United States District Court, Central Division, and notice of Electronic Filing was sent by the Court to the following:

| | |
|---|---|
| Mark M. Bettilyon<br>mbettilyon@rqn.com<br>RAY QUINNEY & NEBEKER<br>36 S STATE ST STE 1400<br>SALT LAKE CITY, UT 84145-0385<br>*Attorney for Plaintiff CAO Group, Inc* | Alan L. Sullivan<br>asullivan@swlaw.com<br>SNELL & WILMER<br>15 West South Temple, Suite 1200<br>Gateway Tower West<br>Salt Lake City, Utah 84101<br>*Attorneys for Defendant Sharp Electronics Corporation* |
| Douglas F. Stewart<br>stewart.douglas@dorsey.com<br>DORSEY & WHITNEY, LLP<br>701 Fifth Avenue, Suite 6100<br>Seattle, Washington 98104<br>*Attorneys for Defendant Toshiba International Corp.* | Christine T. Greenwood<br>greenwood@mgpclaw.com<br>MAGLEBY & GREENWOOD, P.C.<br>170 South Main St., Suite 850<br>Salt Lake City, Utah 84101-3605<br>*Attorneys for Defendant Lighting Science Group Corporation* |

      /s/ Robert J. McAughan, Jr.