Mark M. Bettilyon (4798)
Samuel C. Straight (7638)
Mica McKinney (12163)
RAY, QUINNEY & NEBEKER
36 South State Street, Suite 1400
P.O. Box 45385
Salt Lake City, Utah  84145-0385
   Telephone:  (801) 532-1500

*Attorneys for Plaintiff CAO Group, Inc.*

IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| CAO GROUP, INC., a Utah corporation,<br><br>        Plaintiff,<br><br>vs.<br><br>GE LIGHTING, INC., a Delaware corporation, et al.<br><br>        Defendants. | MOTION TO DISMISS INEQUITABLE CONDUCT COUNTERCLAIMS FILED BY  GENERAL ELECTRIC COMPANY, LIGHTS OF AMERICA, INC. AND FEIT ELECTRIC COMPANY, INC.<br><br>Civil No.  2:11-cv-426<br><br>Judge Dee V. Benson |

Plaintiff CAO Group, Inc. ("CAO"), by and through counsel, hereby moves the Court to dismiss the Inequitable Conduct Counterclaims filed by Defendants General Electric Company, Lights of America, Inc. and Feit Electric Company, Inc. (collectively "Defendants").

Defendants' counterclaims fail to allege facts that evidence or support an inference that CAO and its patent attorney, Daniel McCarthy, (hereinafter collectively "CAO") deliberately withheld information from the PTO.  "A charge of inequitable conduct based on a failure to disclose will survive a motion to dismiss only if the . . . complaint recites facts from which the

court may reasonably infer that a specific individual both knew of invalidating information that was withheld from the PTO **and** withheld that information **with a specific intent to deceive the PTO**." *Delano Farms Co. v. Cal. Table Grape Comm'n*, No. 2010-1546, 2011 WL 3689247, at *11 (Fed. Cir. 2011) (emphasis added).

In this case, Defendants assert that CAO's conduct before the PTO was inequitable because CAO failed to disclose prior art for one patent after the PTO had issued a Notice of Allowability and failed to provide the PTO examiners for two patents with a copy of office actions that rejected claims in other patent applications. To establish the deliberate intent required for inequitable conduct, Defendants allege that the single most reasonable inference that can be drawn from the alleged nondisclosure and the alleged materiality of the undisclosed information is a deliberate decision to withhold material information. Even under the favorable scope used for a Motion to Dismiss, these facts fail to set forth a claim for inequitable conduct. First, Defendants have failed to plead any facts that support an inference of a deliberate intent to deceive. *See Therasense v. Becton*, 649 F.3d 1276, 1290 (Fed. Cir. 2011). "Proving that the applicant knew of a reference, should have known of its materiality, and decided not to submit it to the PTO does not prove specific intent to deceive." *Id.* Second, the public prosecution record upon which the Defendants rely indicates that CAO acted with candor to the PTO by notifying examiners of copending cases and references cited by other examiners and providing notice that the references were cited in office actions. Accordingly, Defendants' counterclaims for inequitable conduct should be dismissed for failure to state a claim upon which relief can be

granted. A memorandum of points and authorities supporting CAO's motion is submitted together herewith.

DATED this 2nd day of November, 2011.

RAY QUINNEY & NEBEKER P.C.

Mica McKinney
Mark M. Bettilyon
Samuel C. Straight
Mica McKinney

*Attorneys for Plaintiff CAO Group, Inc.*

1158114

## CERTIFICATE OF SERVICE

I certify that the foregoing **MOTION TO DISMISS INEQUITABLE CONDUCT COUNTERCLAIMS FILED BY GENERAL ELECTRIC COMPANY, LIGHTS OF AMERICA, INC. AND FEIT ELECTRIC COMPANY, INC**, was filed with the clerk of the court using the CM/ECF system on the 2nd day of November, 2011, and will be sent electronically to the all registered participants as identified on the notice of electronic filing.

/s/ Jean Peterson