Mark M. Bettilyon (4798)
Samuel C. Straight (7638)
Mica McKinney (12163)
RAY, QUINNEY & NEBEKER
36 South State Street, Suite 1400
P.O. Box 45385
Salt Lake City, Utah  84145-0385
    Telephone:  (801) 532-1500

*Attorneys for Plaintiff CAO Group, Inc.*

IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| CAO GROUP, INC., a Utah corporation, | MOTION TO DISMISS INEQUITABLE CONDUCT COUNTERCLAIM FILED BY TOSHIBA INTERNATIONAL CORPORATION. |
| Plaintiff, | |
| vs. | |
| GE LIGHTING, INC., a Delaware corporation, et al. | Civil No.  2:11-cv-426 |
| Defendants. | Judge Dee V. Benson |

Plaintiff CAO Group, Inc. ("CAO"), by and through counsel, hereby moves the Court to dismiss the Inequitable Conduct Counterclaim filed by Toshiba International Corporation. ("Toshiba").

Toshiba's counterclaim fails to allege a claim for inequitable conduct.  Even if all of the facts to which Toshiba pled and referred are true, the Court cannot infer that CAO made "a *deliberate* decision to withhold a *known* material reference."  *Therasense v. Becton*  649 F.3d 1276, 1290 (Fed. Cir. 2011) (quoting *Molins v. PLC v. Textron, Inc.*, 48 F.3d 1172, 1182 (Fed. Cir.1995)).

In asserting inequitable conduct with regard to U.S. Patent No. 6,465,961 (the "`961 patent"), Toshiba's counterclaim relies on the alleged materiality of an undisclosed reference and overlooks the objective indications of candor and good faith established in the prosecution record for the patents-at-issue. "Proving that the applicant knew of a reference, should have known of its materiality, and decided not to submit it to the PTO does not prove specific intent to deceive." *Id.* Moreover the public prosecution record upon which Toshiba relies indicates that CAO acted with candor to the PTO. CAO notified examiners of copending cases and references cited by other examiners when it learned of the references. In the case of the `961 patent, the PTO did not cite the reference at issue until after a Notice of Allowability had been issued and after CAO had paid the issue fee for the `961 patent. CAO responded to the Office Actions citing the references at issue after the `961 patent had been issued. These indications of good faith and candor regale an inference of intent to deceive. Accordingly, Toshiba's counterclaim for inequitable conduct should be dismissed for failing to state a claim upon which relief can be granted. A memorandum of points and authorities supporting CAO's motion is submitted together herewith.

DATED this 7th day of November, 2011.

RAY QUINNEY & NEBEKER P.C.

 /s/ Mica McKinney
Mark M. Bettilyon
Samuel C. Straight
Mica McKinney

*Attorneys for Plaintiff CAO Group, Inc.*

## CERTIFICATE OF SERVICE

I certify that the foregoing **MOTION TO DISMISS INEQUITABLE CONDUCT COUNTERCLAIM FILED BY TOSHIBA INTERNATIONAL CORPORATION**, was filed with the clerk of the court using the CM/ECF system on the 7th day of November, 2011, and will be sent electronically to the all registered participants as identified on the notice of electronic filing.

/s/ Jean Peterson

1158825