Mark M. Bettilyon (4798)
Samuel C. Straight (7638)
Mica McKinney (12163)
RAY, QUINNEY & NEBEKER P.C.
36 South State Street, Suite 1400
P.O. Box 45385
Salt Lake City, Utah  84145-0385
    Telephone:  (801) 532-1500

*Attorneys for Plaintiff CAO Group, Inc.*

IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| CAO GROUP, INC., a Utah corporation,<br><br>      Plaintiff,<br><br>vs.<br><br>GE LIGHTING, INC., a Delaware corporation, et al.<br><br>      Defendants. | CAO'S REPLY MEMORANDUM IN SUPPORT OF MOTION TO DISMISS INEQUITABLE CONDUCT COUNTERCLAIMS FILED BY GENERAL ELECTRIC COMPANY, LIGHTS OF AMERICAN, INC. AND FEIT ELECTRIC COMPANY, INC.<br><br>Civil No.  2:11-cv-426<br><br>Judge Dee Benson |

Plaintiff CAO Group, Inc. ("CAO"), by and through counsel, hereby submits this Reply to the Memoranda in Opposition to CAO's Motion to Dismiss Inequitable Conduct Counterclaim filed by General Electric Company, Lights of America, Inc. and Feit Electric Company, Inc. (referred to collectively herein as "Defendants").  Although Defendants filed separate pleadings, the Defendants' Answers and Counterclaims greatly overlap and in many instances are identical. *See* Feit Elec. Co.'s & Lights of Am.'s Opp. Mem. n. 1 (ECF No. 118).  Accordingly, CAO has consolidated its argument and reply to the Defendants counterclaims and argument.

1

## INTRODUCTION

Defendants' opposition arguments, just as their Answers, start from the position that CAO deliberately intended to withhold information from the PTO. However, Defendants have failed to allege any facts to support an inference that CAO acted with a deliberate intent to withhold information from the PTO, let alone a deliberate intent to deceive. Instead, Defendants' improperly rely on the alleged materiality of the prior art and office actions allegedly withheld from the PTO and ignore the competing inference that CAO acted with god faith and candor. Because Defendants' have failed to support an independent inference that CAO acted with a deliberate intent to deceive, the Court should dismiss their counterclaims for inequitable conduct.

## BACKGROUND

Defendants filed their Answers, Affirmative Defenses, and Counterclaims in the above-captioned case on September 2, 2011 (ECF No. 48), October 7, 2011 (ECF No. 68), and October 14 (ECF No. 79). Defendants' responsive pleadings, by way of counterclaim, request the Court to declare CAO's patents unenforceable due to inequitable conduct in the prosecution history of United States Patent Numbers 6,465,961 (the "`961 patent"), 6,634,770 (the "`770 patent"), and 6,746,885 (the "`885 patent"). *See id*. at 8-11, 15. Specifically, Defendants assert that CAO and its patent attorney, Daniel McCarthy (collectively referred to as "CAO") knew of material prior art and PTO office action references and failed to disclose these reference to the appropriate Patent and Trademark Office (the "PTO") examiners. *Id.* at 8-11.

CAO moved to dismiss Defendants' inequitable conduct counterclaims for failing to state a claim upon which relief may be granted. CAO Mot. Dismiss (ECF No. 101). CAO contends that Defendants have failed to allege facts from which the Court could infer CAO "made a

deliberate decision to withhold a known material reference." CAO Mem. Supp. Mot. Dismiss at 7 (ECF No. 102). Instead, as CAO argued in its Memorandum in Support, the prosecution history for the patents at issue evidence good faith and candor on the part of CAO and fail to support any inference of a deliberate decision to withhold material references. *Id.*

Defendants oppose CAO's Motion, arguing that CAO failed to identify any factual deficiencies in their Counterclaims. Defendants argue that inequitable conduct, including the required intent to deceive the PTO, is sufficiently supported by their assertion that CAO knew of allegedly material information, did not provide it to the PTO in a timely fashion, and have failed to provide a "credible explanation" for withholding the information. Based on these facts, Defendants argue, the Court may reasonably infer that CAO acted with a deliberate intent to deceive. *Id.*

Defendants' arguments are without merit. Boiled down, Defendants' facts turn on the materiality of the prior art and office action references. Defendants' facts do not suggest any deliberate or intentional action by CAO and, in fact, the public record of the patents' prosecution history supports a contrary inference—that CAO acted in good faith and candor. Limited to these factual assertions, the Court should decline to draw any inference of deceptive intent with regard to the patents at issue, "lest inequitable conduct devolve into a 'magic incantation to be asserted against every patentee' and its 'allegation established upon a mere showing that art or information having some degree of materiality was not disclosed." *Exergen v. Wal-Mart Stores*, Inc., 575 F.3d 1312, 1331 (Fed. Cir. 2009) (quoting *FMC Corp. v. Manitowoc Co.,* 835 F.2d 1411, 1415 (Fed. Cir. 1987)). Accordingly, Defendants inequitable conduct Counterclaims should be dismissed.

## DISCUSSION

**I.    TO SUPPORT AN INFERENCE OF AN INTENT TO DECEIVE, DEFENDANTS ARE REQUIRED TO PLEAD MORE THAN THE MATERIALITY OF INFORMATION NOT PRODUCED TO THE PTO.**

Defendant's pleading is deficient because it centers on the materiality of the prior art and office action references.  Specifically, Defendants argue that their Answers and Counterclaims sufficiently assert inequitable conduct by pleading that 1) allegedly material information was withheld during the prosecution of the patents at issue, 2) that such information was known to CAO, and 3) that CAO was aware of the allegedly materiality of the information and 4) there is no credible explanation for withholding the information.  GE Opp. at 9-10, 19, 23 (ECF No. 116); Feit and Lights of Am. Op. at 5.  These facts all relate to materiality, with the exception of assertion number 4, and thereby fail to meet the pleading requirement set forth in *Exergen v. Wal-Mart Stores,* 575 F.3d 1312, 1330-31 (Fed. Cir. 2009).

*Exergen* requires a party asserting inequitable conduct to plead facts sufficient to support a reasonable inference of scienter, including "both (1) knowledge of the withheld material information . . ., **and** (2) specific intent to deceive the PTO." [1]  *Exergen*, 575 F.3d at 1330 (emphasis added).  "[A] court must weigh the evidence of intent to deceive independent of its analysis of materiality." *Therasense v. Becton*, 649 F.3d 1276, 1290 (Fed. Cir. 2011).

Defendants' argument that their pleadings are sufficient relies entirely on the three-part test set forth *Praxair, Inc. v. ATMI*, 543 F.3d 1306 (Fed. Cir. 2008), which predated the Federal

---

[1] Defendants Lights of America, Inc. and Feit Electric Company, Inc. state that CAO's reliance on *Exergen* and *Therasense* is misplaced because neither addressed a motion to dismiss.  However, "[a]lthough *Exergen* was decided in the context of a motion for leave to amend to add an inequitable conduct claim, its pleading standard is also used to evaluate the sufficiency of pleadings under Rule 9(b) on motions to dismiss." *Hansen Mfg. Corp. v. Enduro Sys., Inc.*, No. Civ. 11-4030, 2011 WL 5526627 (D.S.D. Nov. 14, 2011) (citing both *Exergen* and *Therasense* as standard for pleading); *see also Delano Farms Co. v. Cal. Table Grape* Comm'n, 655 F.3d 1337, 1350 (Fed. Cir. 2011); *Abaxis, Inc. v. Cepheid*, No. 10-cv-02840, 2011 WL 3741501, at *3 (N.D. Cal. Aug. 25, 2011).

4

Circuit's recent *Exergen* and *Therasense* decisions. The *Praxair* decision focuses on a party's failure to provide material information and the lack of a credible reason for doing so. Following *Therasense* this standard is no longer viable.[2] Indeed, the Federal Circuit in *Therasense* reversed a district court for finding intent to deceive based on the absence of a good faith explanation for failing to disclose. *Therasense v. Becton*, 649 F.3d at 1296. As the *Therasense* court explained, "a 'patentee need not offer any good faith explanation unless the accused infringer first . . . proves a threshold level of intent to deceive . . . .'" *Therasense*, (quoting *Star Scientific, Inc. v. R.J. Reynolds Tobacco Co.*, 537 F.3d 1357, 1368, (Fed. Cir. 2008)). This threshold requirement must include some showing of facts that "suggest a deliberate decision to withhold a known material reference." *Oracle v. DrugLogic, Inc.*, No. C 11-00910, 2011 WL 5576267, at *11 (N.D. Cal. 2011).

"[A]fter *Therasense*, a mere recitation that 'X' individual, at 'X' time, failed to turn over 'X' information to the PTO that would have been material to the prosecution, with specific intent to deceive the PTO, is insufficient under Rule 9(b)." *Pfizer v. Teva Pharms., Inc.*, No. 2:10-cv-128, 2011 WL 3563112, at *16 (E.D. Va. Aug. 12, 2011). Instead, Defendants must plead facts that relate to a deliberate decision to withhold information. Two courts have synthesized *Exergen* and *Therasense* to require at the pleading stage an "initial showing from which it may be plausibly inferred that . . . intent to deceive is the **single most likely** explanation for the non-disclosure." *Id.* (emphasis added); *Hansen Mfg. Corp. v. Enduro Sys., Inc.*, No. Civ. 11-4030, 2011 WL 5526627, at *3-*4 (D.S.D. Nov. 14, 2011).

In this case, Defendants have failed to meet this standard. Defendants have only pled that prior art and office action references were material and that CAO did not timely produce these

---

[2] Defendant's Opposition to CAO's Motion to Dismiss includes two string cites in support of the *Praxair* standard, but fails to include one case decided after the Federal Circuit's decision in *Therasense*.

references to the PTO.  Defendants simply have not made the initial showing required to allow the Court to plausibly infer from the facts pled that CAO acted with deliberate intent to deceive.

## II. DEFENDANTS FACTUAL ALLEGATIONS FAIL TO SUPPORT AN INFERENCE OF A DELIBERATE INTENTION TO DECEIVE.

Despite the Defendants' lengthy quotation of their inequitable counterclaims, Defendants fail to identify any facts that suggest a deliberate intent to deceive.  Divorced from the facts related to materiality, Defendants are left asserting that CAO has not provided a credible reason for failing to produce the prior art references and office actions in contemporary patent applications.  As set forth above, CAO is not required to provide a credible reason to avoid an unsubstantiated charge of inequitable conduct. Regardless, the facts, as pled by Defendants and considered within the complete context of the public prosecution history, suggest at most that CAO's patent prosecution attorney maintained a sloppy system for managing ongoing patent applications, not that he consciously made a decision to deceive the PTO.  *See, e.g., Pfizer Inc. v. Teva Pharms., Inc.*, No. 2:10-cv-128, 2011 WL 3563112, at *39 (E.D. Va. 2011); *See also* Mem. Supp. Mot. Dismiss at 4-6, 11-12.  Defendants' observation that CAO's counsel's response time fluctuated does not detract from the fact that CAO's patent counsel exhibited a pattern (though inconsistent at times) of delayed responses to office actions not a deliberate intent to deceive the PTO.

Still, Defendants argue that an inference of intent to deceive is particularly applicable and important with respect to each omitted reference or action because of the "close relationship" between the withheld information and the reasons for allowance.  GE's Mem. Opp. at 12, 19, and 23.  In sum, Defendants argue that an inference of intent to deceive is particularly plausible because the information withheld was highly material and CAO was on notice of the materiality.

6

The Northern District of California has rejected this very argument.  In *Abaxis, Inc. v. Cepheid*, No. 10-cv-02840, 2011 WL 3741501, at *6 (N.D. Cal. Aug. 25, 2011), the Defendant's allegations of intent to deceive relied on the "assumption that the [plaintiff] knew of the information withheld and of its but-for materiality to the patents-in-suit." *Id.*  The court concluded that such allegations failed to adequately state a claim for inequitable conduct because the defendant's "the combination of the [plaintiff's] knowledge of [a withhehld reference] and his 'motive to deceive the PTO' based on the alleged but-for materiality of the [withheld reference], would not meet the requirements of *Therasense*." *Id.*  Under *Therasense* "a district court may not infer intent solely from materiality." *Id.*  (quoting *Therasense v. Becton*, 649 F.3d 1276 (*10).  Instead, just as explained in *Exergen* and *Mike's Train House, Inc. v. Broadway Ltd. Imps, LLC,* No. , 2011 WL 2415014, at *4 (D.Md. June 10, 2011), Defendants must show facts that suggest a "conscious decision to withhold" the information at issue.

Defendants argue that requiring a showing of deliberate intent to deceive and more specifically, requiring plausible inference that intent to deceive is the single most likely explanation for the non-disclosure would improperly raise the pleading burden to the clear and convincing evidence standard required for proving inequitable conduct.  Feit Elec. Co.'s and Lights of Am.'s Opp. Mem. at 3 (ECF No. 118).  Mindful that the burden on pleading is lower, it must be noted that "as made clear in *Therasense*, courts must take an active role in examining the propriety of inequitable conduct claims, and without incorporating allegations of specific elements to be proven on the merits at the pleading stage, albeit at a lower standard of plausibility at this initial juncture, courts cannot perform this function." *Pfizer Inc. v. Teva Pharms., Inc.*, No. 2:10-cv-128, 2011 WL 3563112, at *16 (E.D. Va. 2011).  Therefore, while Defendants are not required to convince the Court that an intent to deceive is the single most

7

likely inference, they must set forth enough facts to make it plausible that a deliberate intent to deceive is plausibly the "single most likely inference." In this case Defendants have failed to do so, moreover, based on the public prosecution record they cannot do so.

III.     THE PROSECUTION HISTORY ON WHICH THE DEFENDANTS RELY SUPPORTS A REASONABLE INFERENCE OF GOOD FAITH AND CANDOR.

As, CAO set forth in detail in its Motion to Dismiss and Memorandum in Support, the complete history of the patent application process for the patents at issue reveals that CAO acted with candor and good faith before the PTO. First, with respect to the `961 patent, CAO did not receive notice of the Begemann reference until after it had paid the issuance fee for the `961 patent. At that point, under the patent rules, CAO could not as a standard course file an information disclosure statement. *See* 37 C.F.R. § 1.97(d). The PTO issued the `961 patent shortly thereafter.

Several months later when CAO's patent prosecutor reviewed closely and prepared its response to the office actions, CAO's counsel filed with the PTO in all pending cases an information disclosure statement identifying the prior art references cited in the office action and a statement of co-pending cases identifying all patent applications pending before the PTO. CAO noted that the prior art references were brought to its attention by an office action in another pending application. As evidenced by this disclosure, CAO "hardly could be seeking to deceive the PTO of copending applications [and the proceedings within those applications] when it actually disclosed the fact of copendency to the [PTO] examiner[s]." *Akron Polymer Container Corp. v. Exxel Container, Inc.*, 148 F.3d 1380, 1384 (Fed. Cir. 1998) (concluding that any inference of deceitful intent was undermined by the contrary inference drawn from the patent applications disclosures to the PTO).

8

Aside from CAO's forthcoming openness regarding the copending applications, Defendants' counterclaims and opposition argument suggest CAO acted intentionally because it knew of the material reference and was obligated under *Dayco Products, Inc. v. Total Containment, Inc.*, 329 F.3d 1358, 1367-68 (Fed. Cir. 2003) (noting that this decision was the first time the Federal Circuit had addressed whether determinations in copending applications were material) to notify the PTO of the office actions. Yet, *Dayco* was not issued until May 23, 2003, nearly two years after the patent applications were submitted to the PTO and contemporaneous to the office action issued in the `770 patent.[3]  Therefore, Defendants have failed to even assert that CAO had a clear obligation to submit the office actions from co-pending applications.  In sum, Defendants' Counterclaims are devoid of any facts that suggest or otherwise support any inference of a deliberate intent to deceive, let alone an inference that an intent to deceive is the single most likely inference.

## CONCLUSION

For the foregoing reasons, CAO requests the Court grant its Motion to Dismiss Defendants's Inequitable Conduct Counterclaims.

DATED this _____ day of January, 2012.

>
> RAY QUINNEY & NEBEKER P.C.
>
> /s/ Mica McKinney
> Mark M. Bettilyon (4798)
> Samuel C. Straight (7638)
> Mica McKinney (12163)
> *Attorneys for CAO Group, Inc.*

---

[3] The applicability of *Dayco* is also uncertain because the Federal Circuit determined that the PTO rejections at issue in that case were material based on a materiality standard that was explicitly rejected by the Federal Circuit in *Therasense*. Compare *Dayco,* 329 F.3d at 1368 (holding that the contrary decision of another examiner reviewing substantially similar claim was material based on reasonable examiner materiality test and Rule 56 materiality test) with *Therasense*, 649 F.3d. at 1291-95 (adopting a "but-for" materiality test and rejecting the materiality test set forth in PTO Rule 56).

9

**CERTIFICATE OF SERVICE**

I certify that the foregoing REPLY MEMORANDUM IN SUPPORT OF CAO'S MOTION TO DISMISS INEQUITABLE CONDUCT COUNTERCLAIMS FILED BY GENERAL ELECTRIC COMPANY, LIGHTS OF AMERICAN, INC. AND FEIT ELECTRIC COMPANY, INC, was filed with the clerk of the court using the CM/ECF system on the 6th day of January, 2012, and will be sent electronically to the all registered participants as identified on the notice of electronic filing.

/s/ Jean Peterson