IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| CAO GROUP,<br><br>        Plaintiff,<br><br>v.<br><br>GE LIGHTING, et al.<br><br>        Defendants. | MEMORANDUM DECISION AND ORDER<br><br>Case No. 2:11-cv-00426-DB-DBP<br><br>District Judge Dee Benson<br><br>Magistrate Judge Dustin B. Pead |

## I.     INTRODUCTION

This matter was referred to the Court under 28 U.S.C. § 636(b)(1)(A).  Plaintiff is the CAO Group ("CAO").  Defendant relevant here is Nexxus Lighting ("Nexxus").  CAO alleges Nexxus infringed on CAO's patents for lighting products by manufacturing and selling CAO's patented products without its permission.  (Docket No. 2.)

On October 29, 2012, this Court granted the parties' stipulated motion to stay the case for 120 days.  (Dkt. No. 177.)  The parties requested the stay so the United States Patent and Trademark Office ("PTO") could reexamine CAO's patents.  (Dkt. No. 176 at 2.)  The stay expired, by its own terms, on February 26, 2012.[1]

Before the Court is Nexxus' motion for protective order.  For the reasons below, the Court **GRANTS** the motion.  (Dkt. No. 168.)

---

[1] None of the parties have informed the Court whether the PTO issued a decision regarding the patents' validity.  As such, the Court assumes the patents remain at issue.

II.     STANDARD OF REVIEW FOR MOTION FOR PROTECTIVE ORDER

A court "may, for good cause, issue an order to protect a party . . . from annoyance, embarrassment, oppression, or undue burden or expense" by "forbidding inquiry into certain matters . . . ." Fed. R. Civ. P. 26(c)(1), (c)(1)(D).

III.    ANALYSIS OF NEXXUS' MOTION FOR PROTECTIVE ORDER

On August 17, 2012, CAO noticed Nexxus' corporate deposition under Fed. R. Civ. P. 30(b)(6). (Dkt. No. 169 at 2.) Deposition Topic No. 13 sought testimony about:

> A description of LED light source technologies and related components or products patented (or for which patent applications have been filed) by or on behalf of Nexxus or persons working for Nexxus, or in which applications or patents Nexxus has an ownership interest.

(Dkt. No. 169-2, Ex. A.)

On August 27, 2012, Nexxus moved for a protective order to prohibit CAO from deposing it on Topic No. 13. (Dkt. No. 168.) Nexxus claims Topic No. 13 lacks relevance. It does not to relate to the patents CAO accuses Nexxus of infringing, but instead relates to Nexxus' "own patent portfolio, which is not at issue . . . in this litigation." (Dkt. No. 169 at 2.) Additionally, Nexxus asserts the topic relates to its "highly confidential" pending patent applications. (Id.) See Fischer Imaging Corp. v. Lorad Corp., 148 F.R.D. 273, 275 (D. Colo. 1993) (noting a party who seeks to discover its competitors' patent applications must make a "specific showing of direct relevance or particularized need . . . .").

CAO opposes Nexxus' motion. CAO does not suggest Topic No. 13 seeks relevant information. Instead, CAO argues Nexxus' motion should be denied because Nexxus failed to meet and confer prior to filing it, and it is moot where CAO agreed to modify Topic No. 13. (Dkt. No. 172.)

### A.  Meet and Confer Sufficient

The party moving for a protective order must certify that it attempted, in good faith, to confer with "the other affected parties" to "resolve the dispute without court action."  Fed. R. Civ. P. 26(c)(1).  See also DUCivR 37-1(a) ("[T]he court will not entertain any discovery motion" unless the moving party's counsel states it "made a reasonable effort to reach agreement with opposing attorneys on the *matters set forth in the motion*.") (emphasis added).

CAO claims Nexxus failed to meet and confer about the entire "matter" under DUCivR 37-1(a) where its motion does not include *all* of its expected objections to CAO's deposition notice.  (Dkt. No. 172 at 3, 6.)[2]  CAO feels Nexxus should not be able to "file a motion . . . regarding one topic in a . . . deposition, while reserving its right to file other motions on topics at some future unspecified time."  (Id. at 6.)

Conversely, Nexxus argues it met and conferred with CAO about "the full breadth of its motion . . . ."  (Dkt. No. 174 at 4.)  The Court agrees with Nexxus.  Its motion relates exclusively to Topic No. 13, which Nexxus extensively discussed with CAO via email.  (Dkt. Nos. 170-2, Ex. 1; 174 at 4.)  Moreover, Nexxus states it will not seek "piecemeal relief" regarding any future deposition objections.  (Dkt. No. 174 at 4.)  Rather, Nexxus will submit to deposition, place "any unresolved objections on the record," and "go forward without seeking protective relief."  (Id.)

### B. Motion not Moot

CAO claims the motion for protective order is moot because CAO previously "agreed to modify" Topic No. 13 "to address Nexxus'[] concerns regarding the confidential nature of Nexxus'[] pending patent applications."  (Dkt. No. 172 at 6.)  CAO also argues the motion is

---

[2]  In its August 23, 2012 objection to Topic No. 13, Nexxus indicated it would provide CAO its remaining deposition objections at a later date.  (Dkt. No. 170-2, Ex. 1.)

"superfluous where the parties [] already agreed to a [p]rotective [o]rder that permits the parties to limit the disclosure of certain information by using confidentiality designations." (Id. at 6-7.)[3]

On the other hand, Nexxus argues its motion for protective order is not moot. The Court agrees with Nexxus. Despite CAO's previous email agreement to modify Topic No. 13, it has failed to modify it, failed to propose "how it might modify" it, and failed to withdraw the topic. (Dkt. No. 174 at 6.) Additionally, Nexxus persuasively argues the parties' previous, stipulated protective order "cannot represent a carte blanche for seeking any and all discovery no matter how remotely attenuated to the claims at issue in this case . . . ." (Id.)

## IV.   ORDERS

Given the Court's aforementioned findings, and CAO's failure to argue Topic No. 13 relates to relevant information, the Court issues the following **ORDERS**:

Nexxus' motion for a protective order to prohibit its deposition on Topic No. 13 in CAO's Fed. R. Civ. P. 30(b)(6) deposition notice is **GRANTED**. (Dkt. No. 168.)

CAO's request for fees it incurred by opposing Nexxus' motion under Fed. R. Civ. P. 37(a)(5)(B) is **DENIED**. (Dkt. No. 172.)

Dated this 19th day of March, 2013.

_____
Dustin B. Pead
United States Magistrate Judge

---

[3] On June 15, 2012, District Judge Dee Benson issued a protective order stipulated to by the parties. (Dkt. No. 156.) The order allows the parties to designate any discovery containing confidential, proprietary, or commercially sensitive information as confidential or confidential – attorney's eyes only. (Id.)